IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIGH TECH REPUBLIC, INC. d/b/a WEBINOPOLY | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:23-CV-03348 |
| SHOPIFY INC.; SHOPIFY COMMERCE SINGAPORE PTE. LTD.; and SHOPIFY INT. LTD., | § § § § | |
| *Defendants*. | § § | |

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S NOTICE OF ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT**

Defendants Shopify Inc., Shopify Commerce Singapore Pte. Ltd., and Shopify International Limited (together, the "Defendants"), by way of SPECIAL APPEARANCE, file this Consolidated Response to the purported Notice of Entry of Default [Dkt. No. 6] and Motion for Default Judgment [Dkt. No. 7] (collectively, the "Motion") filed by Plaintiff High Tech Republic, Inc. d/b/a Webinopoly ("Plaintiff" or "Webinopoly")[1], and in support show as follows:

**SUMMARY OF ARGUMENT**

It is axiomatic that a defendant cannot default without having been properly served with the summons and complaint. Here, Plaintiff has not so much as *attempted* to serve any of the named Defendants pursuant to the Federal Rules of Civil Procedure. Plaintiff nonetheless engages in a disingenuous sleight of hand to try to secure a $1.4 million default judgment against three

---

[1] Defendants file this Special Appearance solely to respond to Plaintiff's Motion. Defendants specifically reserve their right to respond to the Complaint pursuant to Federal Rule of Civil Procedure 12 once they have been properly served, including but not limited to asserting the defenses identified in Rule 12(b) of the Federal Rules of Civil Procedure.

unserved parties. Plaintiff's conduct represents an abuse of process and should be rejected for the reasons that follow.

The sole entity Plaintiff claims to have served is *not a Defendant in this action*. Instead of serving any of the three named Defendants, Plaintiff's Proof of Service shows it attempted service on the purported registered agent for a fourth entity, Shopify (USA), Inc. ("Shopify USA"), who is not a party to the case. This fact alone defeats Plaintiff's Motion. Plaintiff references three foreign Defendants, each of which is distinct from one another, and nonparty Shopify USA— service upon one is plainly not service upon any other.

Even if Shopify USA were a party to this action (it is not), and even if service on nonparty Shopify USA did constitute service on the three named Defendants (it does not), Plaintiff's Motion would still fail because Plaintiff did not even properly serve Shopify USA. Plaintiff's counsel received a rejection notice on October 9, 2023, stating that the agent purportedly served was in fact *not* the registered agent for Shopify USA. Nevertheless, Plaintiff filed the instant Motion months after having been informed that the attempted service on a nonparty was *deficient*.

Moreover, the Motion must also be denied because the Clerk of Court has not entered any of the Defendants into default, and Plaintiff has violated this Court's local rules by failing to serve the Motion on Defendants via certified mail.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed this lawsuit on September 7, 2023. Dkt. No. 1. Plaintiff has failed to serve any Defendant, and therefore the deadline for Defendants to respond to the Complaint has not occurred. *See* Fed. R. Civ. P. 12(a)(1)(A) (requiring answer to be served "within 21 days after being served with the summons and complaint."). As described herein, Plaintiff now improperly

seeks entry of default and default judgment despite its failure to serve any of the Defendants. Dkt. Nos. 6, 7.

## ISSUE TO BE RULED ON BY THE COURT

Pursuant to the Court's Procedures, and without limitation of arguments set forth below, the issue to be determined by this Court is whether the relief requested by Plaintiff in the Motion should be denied because Plaintiff has failed to properly serve any of the Defendants pursuant to the Federal Rules of Civil Procedure. The Fifth Circuit directs that Plaintiff has the burden of establishing valid service of process on each Defendant. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

## STATEMENT OF FACTS

Plaintiff commenced this action by filing its Original Complaint on September 7, 2023 (the "Complaint"). Dkt. No. 1. The Complaint includes only three Defendants:

- **Shopify Inc. –** Plaintiff describes Shopify Inc. as a Canadian corporation with its principal office in Ottawa, Canada.  Dkt. No. 1, ¶ 2.

- **Shopify Commerce Singapore Pte. Ltd. ("Shopify Singapore") –** Plaintiff describes Shopify Singapore as a Singapore entity with its principal office in Singapore.  *Id.* at ¶ 4.

- **Shopify International Limited ("Shopify International") –** Plaintiff describes Shopify International as an Irish entity with its principal office in Dublin, Ireland. *Id.* at ¶ 3.

The Complaint alleges that Shopify Inc. breached its agreement with Plaintiff.[2] *Id.* at ¶¶ 10-11. The Complaint acknowledges the agreement provides that any dispute between Plaintiff and

---

[2] Although Shopify Singapore and Shopify International are included in the caption and "Parties" section of the Complaint, neither is otherwise referenced anywhere else in the Complaint.

Shopify Inc. is subject to Canadian law.[3] *Id.* at ¶ 25. Shopify USA is neither named nor referenced anywhere in the Complaint. *See id.*

On October 4, 2023, Plaintiff filed a request for issuance of summons only purportedly as to Shopify Inc. (the "Request for Summons"). Dkt. No. 3. Despite the Complaint's acknowledgment that Shopify Inc. is a Canadian corporation with its principal office in Canada, the Request for Summons erroneously identifies "The Corporation Trust Company" in Wilmington, Delaware as Shopify Inc.'s registered agent. *Id.* The Clerk of the Court issued the Summons as requested by Plaintiff (the "Summons"). Dkt. No. 4.

To date, none of the Defendants named in this matter have been served with the Summons or Complaint. On November 22, 2023, Plaintiff filed a purported "Proof of Service" stating that a summons was served only on nonparty Shopify USA (and not any of the named Defendants) via The Corporation Trust Company in Wilmington, Delaware. Dkt. No. 5. But Plaintiff omits that (1) it did not even attempt service on any Defendant, and (2) the Corporation Trust Company previously informed Plaintiff's counsel it "is not the registered agent" for Shopify USA, the only entity Plaintiff attempted to serve. *See* Exhibit A (true and correct copy of letter dated October 9, 2023).

Plaintiff filed its purported Notice of Entry of Default on November 22, 2023. Dkt. No. 6. For the first time, the caption for the Notice of Entry of Default included nonparty Shopify USA in addition to the three named Defendants. *Id.* Shopify USA was not named as a defendant in the

---

[3] The Complaint references an agreement between Plaintiff and Shopify Inc. but does not include or otherwise attach its terms. Notably, the same provision of the referenced agreement that incorporates Canadian law also explicitly states that the parties submit to the exclusive jurisdiction of the courts of the Province of Ontario with respect to any dispute relating to the agreement. *See* PARTNER PROGRAM AGREEMENT, Section 10.7 (Jan. 2, 2015), *available at* https://web.archive.org/web/20150102115600/https://www.shopify.com/partners/terms (accessed via Internet Archive Wayback Machine).

Complaint, and Plaintiff has not filed an amended complaint adding Shopify USA or any other party as a defendant.

Despite no entry of default by the Clerk of the Court, on December 20, 2023, Plaintiff filed its Motion for Default Judgment seeking a judgment against the three named Defendants. Dkt. No. 7. Once again, Plaintiff inexplicably includes Shopify USA in the caption of its Motion for Default Judgment despite such entity not being named as a party in the Complaint. *Id.* Other than the caption to its Notice of Entry of Default and Motion for Default Judgment, Shopify USA is not mentioned anywhere else in the Motion or Complaint. *Id.*; Dkt. No. 1. Instead, the Motion summarily alleges only that the three named Defendants—Shopify Inc., Shopify Singapore, and Shopify International—were "successfully served . . . through the appropriate registered agent on October 6, 2023." Dkt. No. 7. This is demonstrably false and Plaintiff does not include an affidavit or any other evidence demonstrating that *any* of the Defendants was served with process. *See generally id.* Instead, Plaintiff references only its ineffective attempted service on nonparty Shopify USA.

### THE COURT MUST DENY ENTRY OF DEFAULT AND DEFAULT JUDGMENT

None of the conditions required for obtaining a default judgment have occurred because Plaintiff has not served any party with process. Plaintiff's failure to serve any of the Defendants precludes entry of default judgment.

"Defaults are 'generally disfavored'" in the Fifth Circuit. *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)). Instead, the Fifth Circuit has adopted "a policy in favor of resolving cases on their merits and against the use of default judgments." *Sindhi v. Raina*, 905 F.3d 327, 331 (5th Cir.

2018) (quotation omitted). "[T]hey are 'available only when the adversary process has been halted because of an essentially unresponsive party.'" *Sun Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Rule 55 of the Federal Rules of Civil Procedure sets forth the required conditions under which default may be entered against a party. FED. R. CIV. P. 55. And the Fifth Circuit requires a three-step process for securing a default judgment under Rule 55. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). *First*, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. *Second*, an entry of default may be entered by the clerk when the default is established by affidavit or otherwise. FED. R. CIV. P. 55(a); *New York Life Ins.*, 84 F.3d at 141. *Third*, a plaintiff may then apply to the clerk or the court for a default judgment after an entry of default. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141.

Having skipped steps one and two entirely, Plaintiff now seeks to move directly to step three. The Court must deny the instant Motion for the reasons that follow.

## A.     There Has Been No Default Because No Party Has Been Served.

Plaintiff cannot meet the first step of the default judgment process because no default has occurred. A default occurs only when a party shows "by affidavit or otherwise" that another "party against whom a judgment for affirmative relief is sought" has failed to plead or otherwise defend following service. *See* FED. R. CIV. P. 55(a). The procedural requirement of proper service of summons must be satisfied to assure notice to the defendant. *See Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987). Indeed, "[s]ervice of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The plaintiff bears the

burden of establishing the propriety of service on each defendant. *See Carmi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344 (5th Cir. 1992).

Here, Plaintiff fails to offer *any* evidence establishing service on any named Defendant, because none was attempted, let alone effectuated. Neither the Notice of Entry of Default nor Motion for Default Judgment includes an affidavit attesting to service. *See* Dkt. Nos. 6, 7. Plaintiff's failure to establish service "by affidavit or otherwise" requires denial of entry of default. *See* FED. R. CIV. P. 55(a).

The only docket entry related to service of process is the Proof of Service filed separately by Plaintiff. Dkt. No. 5. But the Proof of Service does not purport to establish service upon any of the named Defendants. None of the named Defendants are identified in the Proof of Service, nor is there any indication of attempted service upon any agent authorized to accept service on behalf of any of the Defendants. Tellingly, the address in the Proof of Service is in Delaware despite the Complaint's allegations that each of the named Defendants is an international entity with its principal place of business in a foreign country. *See* Dkt. No. 1, ¶¶ 2-4. This discrepancy between the addresses for the Defendants and address set forth in the Proof of Service requires denial of entry of default. *See, e.g., Moreno v. LG Elecs., USA Inc.*, No. 7:13-CV-427, 2013 U.S. Dist. LEXIS 196823, at *2 (S.D. Tex. Aug. 30, 2013) (refusing entry of default due to the "troubling discrepancy regarding service of Defendant" resulting from different addresses identified in the summons and proof of service).

The Proof of Service identifies only a single entity—Shopify USA—which is not a named defendant or otherwise mentioned anywhere in the Complaint.[4] *Compare* Dkt. No. 1 (Complaint filed against the Defendants) *with* Dkt. No. 5 (purporting to demonstrate service upon Shopify USA). The Proof of Service is specifically addressed to the purported registered agent for nonparty Shopify USA. As a factual matter, however, The Corporation Trust Company is not the registered agent for Shopify USA.  *See* Ex. A. Even if some document was properly served upon Shopify USA (which it was not), default cannot be entered against it because Shopify USA is not "a party" and Plaintiff's Complaint does not seek "a judgment for affirmative relief" against it. *See* FED. R. CIV. P. 55(a) (noting default may be entered "[w]hen *a party against whom a judgment for affirmative relief is sought* has failed to plead or otherwise defend . . ." [emphasis added]).

Plaintiff's failure to establish service upon any of the parties in this matter precludes entry of default. The Court must reject Plaintiff's Motion for that reason alone.

**B.    No Default Has Been Entered by the Clerk of Court.**

A plaintiff may only obtain a default judgment against a defendant once a default has been entered. FED. R. CIV. P. 55(b); *New York Life Ins.*, 84 F.3d at 141. The Court cannot grant a default judgment in this matter because the Clerk of Court has not entered a default against any of the

---

[4] Nor could Plaintiff assert any plausible claim against Shopify USA. Plaintiff never had any relationship with Shopify USA and Shopify USA provided no services to Plaintiff because it does not provide services to the public. *See* Declaration of Sarah Harris-John, *Baton v. Ledger SAS*, No. 3:21-CV-2470 (N.D. Cal. Jul. 26, 2021), Dkt. No. 55-1, ¶ 6 ("Shopify (USA) Inc. provides services and support to various aspects of Shopify Inc.'s business" not externally-facing services); Declaration of Sarah Harris-John, *My Choice Software, LLC v. Taskus, Inc.*, No. 8:22-CV-01710 (C.D. Cal. Feb. 13, 2023), Dkt. No. 22-8, ¶ 7 (same). The ad-hoc addition of Shopify USA to the caption of the instant Motion appears solely designed to obscure Plaintiff's knowing failure to serve any named Defendant.

Defendants.[5] *See, e.g., Eiland v. Gateway Mortg.*, No. SA-22-CV-00868-XR, 2022 U.S. Dist. LEXIS 227804, at *1-2 (W.D. Tex. Nov. 7, 2022) (denying motion for default judgment "as procedurally premature because no default has been entered against Plaintiff."); *Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 U.S. Dist. LEXIS 84847, at *7 (N.D. Tex. May 14, 2020) ("Here, there is no 'entry of default' by the clerk of court, which is a prerequisite to obtaining a default judgment. Until defendants are properly served and the clerk of court enters a default, 'Plaintiff[s] ha[ve] no basis for seeking a default judgment.'" [citation omitted]).

### C.     Plaintiff Failed to Serve the Motion for Default Judgment as Required by the Local Rules.

Local Rule 5.5 requires that any motion for default judgment be served on the defendant by certified mail, return receipt requested. LR 5.5. As with service of the summons, Plaintiff likewise failed to serve the Motion for Default Judgment via certified mail on any Defendant. Such failure requires the Court to deny the Motion for Default Judgment. *See, e.g., Wells Fargo Bank, N.A. v. Pantalion*, No. H-18-4215, 2019 U.S. Dist. LEXIS 21196, at *8 (S.D. Tex. Feb. 8, 2019)

---

[5] Moreover, a court may only enter default judgment upon a finding that it has personal jurisdiction over the defendants. *See Walters v. Dixon Corr. Inst.*, 188 Fed. App'x 232, 233 (5th Cir. 2006) (unpublished) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999)). Failure of service of process alone deprives the Court of personal jurisdiction over Defendants. *See Johnson v. Yoakum Cmty. Hosp.*, No. 6:21-cv-00018, 2021 U.S. Dist. LEXIS 191490, at *10 (S.D. Tex. Oct. 1, 2021) (holding that "a court cannot enter a default judgment unless the defaulting party was properly served with process.").

Even setting aside the failure of service, Plaintiff fails to carry its burden of establishing that this Court has personal jurisdiction over any of the foreign Defendants (or nonparty Shopify USA). The Supreme Court has recognized two types of personal jurisdiction—general and specific—neither of which exists here. *See Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco, Cty.*, 582 U.S. 255, 262 (2017). If properly served, Defendants will timely move for dismissal pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, including but not limited to dismissal based on lack of personal jurisdiction. *See* FED. R. CIV. P. 12(b); *see also Briskin v. Shopify, Inc.*, 87 F.4th 404, 422-3 (9th Cir. 2023) (rejecting notion that plaintiff's ties to the forum are sufficient to establish jurisdiction and holding "Shopify [Inc. and Shopify USA are] not subject to specific jurisdiction" on this or other bases); *Pokemon Co. Int'l, Inc. v. Shopify, Inc.*, No. 16-MC-80272-KAW, 2017 U.S. Dist. LEXIS 24987, at *6 (N.D. Cal. Feb. 22, 2017) ("the Court finds that . . . it lacks jurisdiction over Shopify [Inc.]"); *InvenTel Prods., LLC v. Li*, No. 2:19-9190, 2019 U.S. Dist. LEXIS 175943, at *5-6 (D.N.J. Oct. 10, 2019) (holding no "basis for finding general jurisdiction exists" over Shopify Inc., and no purposeful availment of the forum to establish specific jurisdiction"); *Baton v. Ledger SAS*, No. 21-CV-02470-EMC, 2021 U.S. Dist. LEXIS 215793, at *9 (N.D. Cal. Nov. 9, 2021), *aff'd in part, rev'd in part and remanded*, No. 21-17036, 2022 U.S. App. LEXIS 33183 (9th Cir. Dec. 1, 2022) (holding "the Court lacks general jurisdiction (and specific jurisdiction) over Shopify USA, and lacks specific jurisdiction over Shopify, Inc.").

9

(denying motion for default judgment because plaintiff "has not provided proof that the default-judgment motion was served on [defendant] by certified mail, as the Local Rules require . . .").

## CONCLUSION AND PRAYER

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion and grant Defendants any other relief to which they are entitled at law or in equity.

Respectfully submitted,

**AJAMIE LLP**

By: */s/ Eric Chenoweth*
Eric Chenoweth
Texas Bar No. 24006989
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
Nicholas E. Petree
Texas Bar No. 24083657
Pennzoil Place – South Tower
711 Louisiana, Ste. 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
echenoweth@ajamie.com
jedwards@ajamie.com
npetree@ajamie.com

**ATTORNEYS FOR SHOPIFY INC., SHOPIFY COMMERCE SINGAPORE PTE. LTD., AND SHOPIFY INTERNATIONAL LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*/s/ Eric Chenoweth*
Eric Chenoweth