IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| HIGH TECH REPUBLIC, INC. d/b/a WEBINOPOLY, §§§§ *Plaintiff,* § | |
| § | Civil Case No. 4:23-CV-03348 |
| v. §§ | |
| SHOPIFY, INC., SHOPIFY (USA), Inc. SHOPIFY COMMERCE SINGAPORE PTE. LTD., SHOPIFY INT. LTD. §§§§ *Defendants.* | |

**PLAINTIFF'S REPLY TO DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFF'S NOTICE OF ENTRY OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT**

Plaintiff High Tech Republic, Inc. d/b/a Webinopoly, ("Plaintiff") submits this Reply to Defendants' Shopify Inc., Shopify Commerce Singapore Pte. Ltd., and Shopify International Limited (together, the "Defendants") Consolidated Response to the Plaintiff's Notice of Entry of Default [Dkt. No. 6] and Motion for Default Judgment [Dkt. No. 7] (collectively, the "Motion"). Plaintiff asserts that default is more than proper in this case for a multitude of reasons. Plaintiff further asserts that Defendants, through their Special Appearance, have clearly established that they have actual knowledge of this case. Finally, Defendants' attempts to disqualify Plaintiff's Motion are nothing more than efforts to evade a legitimate claim made by an injured individual through misconstrued unpublished case law and overly technical arguments, some of which are even moot. For all these reasons, Plaintiff requests that its Motion for Default Judgment be granted.

**ARGUMENT**

**I.     Defendants Have Demonstrated Actual Knowledge of this Case By Way of Special Appearance.**

The circumstances that gave rise to this dispute involve the Plaintiff's wrongfully severed partnership with Shopify, Inc. and its related companies. Shopify Inc., Shopify USA, Shopify Commerce Singapore

Pte. Ltd., and Shopify International Limited form an integrated network within the larger Shopify framework. Shopify Inc. serves as the overarching multinational entity, overseeing its various subsidiaries and branches. Shopify USA specifically caters to the United States market and tailors its services to meet the needs of American businesses specifically. Shopify Commerce Singapore Pte. Ltd. extends the reach to the Southeast Asian market, and Shopify International Limited encompasses the broader international operations, collaborating with subsidiaries like Shopify Commerce Singapore Pte. Ltd. Each of these interconnected entities operates synergistically, contributing to the overall global presence of the Shopify ecosystem. Together, they create a comprehensive network that serves regional markets while staying unified under the Shopify Inc. umbrella. Because of the interrelated nature of these companies, each and every one of them was mentioned in the caption of this lawsuit regardless of their specific actions in the circumstances that gave rise to this dispute.

Plaintiff's decision to successfully serve Shopify USA[1] was largely made due to the fact that Shopify USA caters specifically to United States Citizens that work in connection with the larger corporation. The purpose of Rule 4 of the Federal Rules of Civil Procedure is to create pathways that ensure that Defendants will be on actual notice of claims put forth against them. *See United States v. Nuttall*, 122 F.R.D. 163, 166 n. 4 (D. Del. 1988) ("[w]here a defendant in fact has actual notice of a lawsuit, it is reasonable to conclude that the purpose of Rule 4 has been achieved, and that rigid adherence to every detail of Rule 4 is unnecessary"). Despite Defendants' carefully worded attempts to convince the Court otherwise, Plaintiff acted in accordance with the procedures and purposes of the Federal Rules when determining that service upon Shopify USA would be most appropriate for a Plaintiff that is a United States Citizen and resident of the State of Texas, and would also ensure in the most efficient way possible that all interested parties would gain actual knowledge of this lawsuit.

---

[1] According to public records available online via the State of Delaware, Plaintiff did in fact serve the correct registered agent for Shopify USA. A screenshot of the website for the Department of State: Division of Corporations is attached here as Exhibit A and shows how the information for registered agents of Shopify USA appears as of January 12, 2024.

Through its Response to Plaintiff's Motion, Defendants seem to place blame for failure to understand the unbelievably convoluted structure of Shopify's ecosystem on the Plaintiff himself. It is ironic that the Defendants' failure to openly and candidly communicate with Plaintiff about the nature of the parties' long-term partnership is the reason that Plaintiff has been injured in the first place.

Plaintiff has not put forth a single claim that was not against all Defendants. It was no accident that Plaintiff included all of Shopify's multiple related entities in the caption for every one of its filings. While it may be true that not each and every one of Shopify's entities were involved in all the individual circumstances that led to the Plaintiff's injury, it was important for Plaintiff to ensure that each and every entity was mentioned clearly at the top of the filings so that none of the Shopify entities could evade liability for its egregious actions based on corporate-structure technicalities. Unfortunately, this is exactly what Defendants have elected to do.

For all of these reasons, Defendants are unquestionably incorrect in their assertion that Plaintiff made no effort to properly serve the Defendants. Despite Defendants' accusations, there is no "sleight of hand" here. Rather, Plaintiff has made it clear that he will do everything in his power to make sure that the entities in charge of wrongfully severing his partnership are aware of his claims in the most timely and efficient way possible. Because of this, Plaintiff requests that its Motion for Default be granted.

**II.     Defendants' Arguments Regarding Other Deficiencies are Improper and/or Moot.**

Defendants put forth a great quantity of unpublished case law in order to support highly technical arguments in hopes of disqualifying the Plaintiff from seeking relief for his injuries. However, a closer look into the case law shows that Defendants have twisted facts in order to recharacterize Plaintiff's actions in this case into flagrant violations of the law. For instance, Defendants utilize *Eiland v. Gateway Mortg.*, 2022 U.S. Dist. LEXIS 227804 in their attempt to argue that Plaintiff's application for Default here is totally improper based on procedure. However, that case involves defendants who were arguing in support of a motion for default that had already been denied. There are no factual similarities to that case and the case

at hand whatsoever. On the contrary, the Defendants in this case have failed to respond in any way to the Plaintiff's allegations before their Response to this Motion despite having actual knowledge of the dispute. Unlike the responding party in *Eiland*, Defendants' actions here are much more akin to evading legitimate claims filed pursuant to the core purpose of the Federal Rules of Civil Procedure, which is certainly not to disqualify the legitimate claims of individual Plaintiffs based on improperly articulated technical arguments.

Defendants have also requested that Plaintiff's relief be denied due to the fact that the parties have not received Plaintiff's Motion for Default by certified mail, pursuant to Local Rule 5.5 of this Court. However this argument is moot as that document was mailed to Shopify USA's Registered Agent[2] on January 13, 2024.

## CONCLUSION

In conclusion, Plaintiff's Motion should be granted because Plaintiff has done everything in his power to give proper notice to any and all entities under the Shopify corporate umbrella of his legitimate claims. Despite Defendants' incorrect assertions to the contrary, Plaintiff did in fact accomplish this by serving the Shopify entity that is directly affiliated and available for service in the United States, which in turn gave notice to each and every one of the remaining Defendants. In its Response, Defendants did not put forth a single properly articulated argument that would negate the Plaintiff's claims and justify a denial of a Default Judgment due to their lack of response throughout this entire process. For these reasons, Plaintiff respectfully requests that its Motion be granted in full.

---

[2] *See* Note 1

Respectfully submitted,

/s/__*Kristi Hubbard*_____

Kristi B. Hubbard
Attorney SBN: 24110020
The Hubbard Law Firm, P.C.
6200 Savoy Drive, Suite 1202
Houston, Texas 77036

Direct: 713-385-2003