IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| HIGH TECH REPUBLIC, INC. d/b/a WEBINOPOLY, <br> *Plaintiff,* <br><br> v. <br><br> SHOPIFY, INC., SHOPIFY (USA), Inc. SHOPIFY COMMERCE SINGAPORE PTE. LTD., SHOPIFY INT. LTD. <br> *Defendants.* | § § § § § § § § § § § <br><br> Civil Case No. 4:23-CV-03348 |

### PLAINTIFF'S NOTICE OF ENTRY OF DEFAULT

Pursuant to Rules 12 and 55 of the Federal Rules of Civil Procedure, Plaintiff High Tech Republic, Inc. d/b/a Webinopoly, ("Plaintiff") files this Notice of Entry of Default against Defendants Shopify Inc., Shopify (USA), Inc., Shopify International Limited, and Shopify Commerce Singapore Pte. Ltd. ("Defendants").

Defendants have failed to respond to the above captioned dispute within the time limit proscribed by F.R.C.P. 12(a)(1)(A)(i). Plaintiff filed its Complaint on September 7, 2023, and successfully served the Defendants through the appropriate registered agent on October 6, 2023. [Doc. No. 5]. Although almost four months have passed since the date of service, Defendants have failed to respond to Plaintiff's claims in any way other than entering a general appearance. [Doc. Nos. 11, 12]. Counsel for Defendants Shopify Inc., Shopify Commerce Singapore Pte. Ltd., and Shopify International Limited entered these general appearances over a month ago but have failed to satisfy their deadline to file an answer to Plaintiff's Complaint.

Under Texas law, if a defendant makes a general appearance, that appearance has the same effect as if a citation had been duly issued and served as provided by law. *Fountains Int'l Grp., Inc. v. Winn*, No. SA-10-CA-645-H, 2011 WL 13269773 (W.D. Tex. Sept. 20, 2011). This means

that the general appearances filed by Defendants triggered the deadline to file an answer. *Id.*; *See also Bebee v. Motorola Sols., Inc.*, No. 4:16-CV-763, 2017 WL 1180428 (S.D. Tex. Mar. 29, 2017) (noting that general appearances, under 5th Circuit and Texas precedent, act as a waiver of service and start the deadline to answer). This effect of a general appearance under these circumstances as a trigger for the deadlines set by the Federal Rules of Civil Procedure is well recognized in the Fifth Circuit. *See Bayou Steel Corp. v. M/V Amstelvoorn*, 809 F.2d 1147, 1149 (5th Cir. 1987) (noting that the opinion in *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir.1944), which explains that a defendant's failure to submit a timely answer can result in waiving the defense of improper service and consequently lead to a default judgment, is the "prevailing view.")

Defendants can also no longer excuse their failure to submit a timely answer for lack of personal jurisdiction. The Defendants attempted to use a special appearance in order to file a Motion to Dismiss based on lack of personal jurisdiction. However, Defendants have now filed general appearances, which negate their ability to argue a lack of personal jurisdiction entirely. *See Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1340–41 (5th Cir.1996) (noting that general appearances are an action that impliedly recognizes the court's jurisdiction over the parties). Because general appearances were filed after the lack of personal jurisdiction defense was asserted, that Motion to Dismiss is now moot.

Because the Defendants' general appearances filed over a month ago triggered the deadline to file an answer, and because the parties have failed to do so, Plaintiff requests that the Court put Defendants on notice of Plaintiff's entry of Default.

Respectfully submitted,

/s/__*Kristi Hubbard*_____

   Kristi B. Hubbard
   SBN: 24110020
   The Hubbard Law Firm, P.C.
   6464 Savoy Drive, Suite 777
   Houston, Texas 77036
   Kristi@hubbardlawpc.com
   Direct: 713-385-2003