IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIGH TECH REPUBLIC, INC. d/b/a WEBINOPOLY | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:23-CV-03348 |
| SHOPIFY INC.; SHOPIFY COMMERCE SINGAPORE PTE. LTD.; and SHOPIFY INT. LTD., | § § § § § | |
| *Defendants*. | § § | |

**<u>DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF ENTRY OF DEFAULT</u>**

Defendants Shopify Inc., Shopify Commerce Singapore Pte. Ltd., and Shopify International Limited (together, the "Defendants"), by way of SPECIAL APPEARANCE, file this Response to the purported Notice of Entry of Default [Dkt. No. 13] (the "Notice") filed by Plaintiff High Tech Republic, Inc. d/b/a Webinopoly ("Plaintiff")[1], and in support show as follows:

**<u>SUMMARY OF ARGUMENT</u>**

Plaintiff once again tries to obtain a windfall default judgment without having satisfied the most fundamental due process requirement: service of process. Instead of fixing its known failure to serve Defendants[2]—or even responding to Defendants' counsel's outreach—Plaintiff again seeks entry of default against three unserved Defendants and a fourth nonparty. But Plaintiff's

---

[1] Defendants file this special appearance solely to respond to Plaintiff's latest Notice. Defendants expressly reserve their right to respond to the Complaint pursuant to Federal Rule of Civil Procedure 12 once they have been properly served, including but not limited to asserting the defenses identified in Rule 12(b) of the Federal Rules of Civil Procedure.

[2] Defendants addressed the considerable issues with Plaintiff's first attempt at default in the Consolidated Response to Plaintiff's Notice of Entry of Default and Motion for Default Judgment (the "Consolidated Response"), which is expressly incorporated as if fully set forth herein. Dkt. No. 9. Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Consolidated Response.

1

latest Notice must be rejected because it misrepresents the Federal Rules of Civil Procedure, controlling case law, the facts, and Plaintiff's own filings.

*Plaintiff still has not attempted to serve a single Defendant*. And Plaintiff slips an unnamed entity, Shopify USA, into the caption of its filing without any attempt to join this entity as a party. For these reasons alone, default against any entity is inappropriate.

But rather than cure or respond to correspondence concerning these deficiencies, Plaintiff now argues that Defendants' counsel's administrative notices of appearances excuse Plaintiff's failure to effect service of process and bar Defendants from any meaningful opportunity to defend themselves. That argument has been roundly rejected by all applicable case law in this Court, the Fifth Circuit, and federal courts around the country. A general appearance only occurs when a party takes an affirmative action recognizing a court's jurisdiction over it. Administrative filings and other actions taken by a party that do not request any relief from the court undoubtedly fall short of this criterion to qualify as a general appearance. Defendants' counsel filed appearances in order to receive electronic notifications of Court filings—the appearances did not seek any relief from the Court and cannot be considered general appearances.

Moreover, Plaintiff's argument requires a startling rejection of the basic demands of due process. Plaintiff's position had been that, if it fails to formally notify Defendants, Plaintiff wins a multimillion-dollar judgment without further inquiry. Given Plaintiff's failure to notify or respond to Defendants' counsel, Defendants had no practical choice but to take administrative steps to ensure they would be informed as to Plaintiff's attempts to obtain ex parte relief. But Plaintiff now argues that Defendants' only means of obtaining notice itself justifies a multimillion-dollar windfall. Plaintiff's arguments have no colorable basis. The Court should require that all relevant parties be properly joined and served so this case can be heard consistent with the Federal Rules.

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff commenced this action by filing its Complaint on September 7, 2023. Dkt. No. 1. Plaintiff has yet to serve any Defendant; as a result, no deadline has been set for Defendants to respond to the Complaint. *See* FED. R. CIV. P. 12(a)(1)(A). The initial pretrial and scheduling conference is scheduled to occur by telephone on March 25, 2024. Dkt. No. 2.

## ISSUE TO BE RULED ON BY THE COURT

Pursuant to the Court's Procedures, and without limitation of arguments set forth below, the issue to be determined by this Court is whether the relief requested by Plaintiff in the Notice should be denied because (1) Plaintiff has failed to serve any of the Defendants or join nonparty Shopify USA, and (2) neither the Defendants nor Shopify USA have waived service by generally appearing. The Fifth Circuit directs that Plaintiff has the burden of establishing valid service of process. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

## STATEMENT OF FACTS

Plaintiff's Complaint includes *only* the three named Defendants: Shopify, Inc., Shopify Commerce Singapore Pte. Ltd., and Shopify International Limited. Dkt. No. 1 at ¶ 2-4. To date, none of the Defendants named in this matter have been served with a summons or the Complaint. Dkt. No. 9, p. 4.

Plaintiff filed its first purported Notice of Entry of Default on November 22, 2023, which for the first time included nonparty Shopify USA in the caption. Dkt. No. 6. Despite no entry of default by the Clerk of the Court, on December 20, 2023, Plaintiff filed its Motion for Default Judgment seeking a judgment against the three named Defendants. Dkt. No. 7. Once again, Plaintiff inexplicably also included Shopify USA in the caption of its Motion for Default Judgment despite such entity not being named as a party in the Complaint. *Id.*

3

The undersigned counsel emailed Plaintiff's counsel on January 9, 2024, introducing themselves as attorneys for Defendants. *See* <u>Exhibit A-1</u>. In the email, Defendants' counsel also identified some of the numerous deficiencies with the Motion for Default Judgment—including Plaintiff's failure to serve any of the parties—and requested that Plaintiff withdraw the motion. *Id.* Plaintiff's counsel never responded. In fact, Plaintiff's counsel has yet to communicate in any way with Defendants' counsel. *See* <u>Exhibit A</u>, ¶ 2.

Defendants filed their Consolidated Response on January 10, 2024, which raised the issues of insufficient service, failure to join Shopify USA, and lack of personal jurisdiction. Dkt. No. 9. Plaintiff filed a reply on January 17, 2024. Dkt. No. 10. However, Mr. Edwards was the only counsel for Defendants to receive electronic notification of Plaintiff's filing despite three attorneys being listed on the previously-filed Consolidated Response. <u>Exhibit A</u>, ¶ 3. Defendants' counsel's office promptly contacted the Court Clerk to inquire about resolving the issue concerning electronic notifications and was informed that a notice of appearance needed to be filed for each attorney requiring notices concerning this lawsuit. *Id*. Given Plaintiff's consistent and alarming failures to provide notice, on January 18, 2024, Messrs. Chenoweth and Petree each filed an Appearance of Counsel expressly "for purposes of receiving notifications in this matter." Dkt. Nos. 11-12.

Despite outreach from Defendants' counsel, Plaintiff has yet to respond or otherwise contact Defendants' counsel. *See* <u>Exhibit A</u>, ¶ 2. Instead, on March 6, 2024, Plaintiff filed its latest Notice seeking entry of default against Defendants and nonparty Shopify USA. Dkt. No. 13. Yet again, Plaintiff inexplicably includes Shopify USA in the caption of its Notice and definition of "Defendants" despite such entity not being named as a party in the Complaint or included in the

4

Consolidated Response or administrative appearances filed by Messrs. Chenoweth and Petree. *See* Dkt. Nos. 1, 9, 11-12.

## **THE COURT MUST DENY ENTRY OF DEFAULT**

A.  **The Attorney Appearances Filed for Purposes of Receiving Notifications Are Not General Appearances.**

The Notice relies solely upon the appearances filed by Messrs. Chenoweth and Petree for purposes of receiving electronic notifications as the supposed general appearance by Defendants and nonparty Shopify USA.[3] Plaintiff conspicuously fails to cite *any* support for this contention. In truth, case law is clear that an attorney appearance is *not* a general appearance sufficient to waive service requirements and jurisdictional defects.

It is "a fundamental rule of civil procedure that [b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (cleaned up). An exception to this rule exists when a party waives service by generally appearing in the lawsuit. *Id.* But Plaintiff fails to acknowledge an obvious point that is even made clear in the cases cited in its Notice—not every filing by a defendant constitutes a general appearance.[4]

As articulated by the Fifth Circuit in *Maiz*, a "party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction." *Id*. The *Maiz* decision

---

[3] Messrs. Chenoweth and Petree's appearances only reference Defendants and do not include nonparty Shopify USA. Dkt. Nos. 11-12. Even under Plaintiff's flawed theory that such filings qualify as general appearances—which is incorrect—they facially do not extend to Shopify USA.

[4] For example, Plaintiff cites *Bebee v. Motorola Solutions, Inc.*, No. 4:16-cv-763, 2017 U.S. Dist. LEXIS 47198 (S.D. Tex. Mar. 29, 2017) for the uncontroversial proposition that general appearances "act as a waiver of service and start the deadline to answer." Dkt. No. 13, p. 2. But *Bebee* explains that only filings that take "an affirmative act recognizing a court's jurisdiction" qualify as general appearances. *Bebee*, 2017 U.S. Dist. LEXIS 47198, at *9-10 (citing *Maiz* as holding "[p]arties did not take affirmative action, and therefore did not make a general appearance, where they did not file their own motions requesting a beneficial ruling from the trial court."). Here, the record clearly reflects the exact opposite: that Defendants do not recognize the Court's jurisdiction. *See* Dkt. No. 9.

5

directs that, "in determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Id*. (quoting *Jones v. Sheehan, Young, & Culp, P.C.,* 82 F.3d 1334, 1340-41 (5th Cir. 1996)). The plaintiff in *Maiz* argued that several filings by defendants' attorney constituted a general appearance, including a motion for agreed restatement of a receiver order and agreed order. *Id.* But the Fifth Circuit rejected plaintiff's contention because none of the filings "requested a ruling which would provide [defendants] with any benefit, or relief. Therefore, there was no 'affirmative act' which impliedly recognized the court's jurisdiction." *Id.* at 341.

Courts within the Fifth Circuit have repeatedly utilized the principles articulated in *Maiz* to hold that an attorney's appearance does not constitute a general appearance.[5] *See, e.g., In re Hyo-Seob Oh,* No. 3:23-mc-56-X, 2023 U.S. Dist. LEXIS 206243, at *14 (N.D. Tex. Nov. 17, 2023) ("[T]he Court cannot accept [plaintiff]'s argument that [defendant's counsel]'s appearance as counsel amounts to a 'general appearance' that 'effectively waives any claim for defective service upon [defendant] individually.'"). This Court has explicitly stated that

---

[5] In an opinion subsequently withdrawn on other grounds, the Fifth Circuit explicitly rejected plaintiff's contention that a notice of appearance, even when combined with a motion for extension of time and application for admission *pro hac vice*, constituted a general appearance:

> None of the filings prior to the motion to set aside default were general appearances. None of these actions evince the "seeking, taking, or agreeing to some step or proceeding in the cause" required to constitute a general appearance. *Cactus Pipe & Supply Co. v. M/V Montmartre,* 756 F.2d 1103, 1108 (5th Cir. 1985). Rather, they are best viewed as early maneuvering prior to any answer or motion; we agree with another circuit that they give "no hint that the answer will waive personal jurisdiction defects." *Benny v. Pipes,* 799 F.2d 489, 493 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987).

*Tango Marine S.A. v. Elephant Grp., Ltd.,* 19 F.4th 808, 813 (5th Cir. 2021), *withdrawn by* 28 F.4th 600 (5th Cir. 2022). The *Benny* case referenced by the Fifth Circuit is routinely cited for the proposition that a notice of appearance is not a general appearance. *See, e.g., Barnett v. Maxwell*, 2023 U.S. Dist. LEXIS 163486, at *4-5 (D. Or. Aug. 24, 2023) (citing *Benny* and holding "a notice of appearance does not waive personal jurisdiction and improper service defenses"); *Hera Print, Inc. v. Amazon.com, Inc.,* 2023 U.S. Dist. LEXIS 231079, at *6-7 (C.D. Cal. Dec. 29, 2023) ("Plaintiff contends that the moving defendants have waived their right to contest service (and jurisdiction) because their counsel filed a Notice of Appearance, which plaintiff argues is tantamount to a general appearance. Plaintiff's contention is unpersuasive." [internal citation omitted]).

6

"Defendants' counsels' filing of initial appearances or motions for admission *pro hac vice* are not the defensive moves in which a waiver of personal jurisdiction can occur." *Flock v. Scripto-Tokai Corp.,* No. H-00-3794, 2001 U.S. Dist. LEXIS 23881, at *10 (S.D. Tex. June 25, 2001). Indeed, more substantive acts than an attorney's appearance have also been found by this Court to fall short of qualifying as a general appearance. *See, e.g., Ultra Premium Servs., LLC v. Tubnaya Metallurgicheskaya Kompaniya,* No. H-21-305, 2021 U.S. Dist. LEXIS 125850, at *6 (S.D. Tex. Feb. 10, 2021) (noting that filing a notice of appearance and appearing at a temporary restraining order hearing are not general appearances); *Cabrera v. Crisplant*, No. H-14-2725, 2016 U.S. Dist. LEXIS 159995, at *5 (S.D. Tex. June 15, 2016) (holding a letter to the Court "does not constitute an affirmative action on matters outside jurisdiction because it appears to contest Plaintiff's jurisdiction. [Defendant]'s letter is not a general appearance and therefore it does not waive potential defenses to personal jurisdiction.").

The Fifth Circuit's approach is consistent with federal courts across the country holding that attorney appearances are not general appearances. *See, e.g., Leach v. BB&T Corp.*, 232 F.R.D. 545, 551 (N.D.W. Va. 2005) ("[A] party does not waive his right to service of process whenever an attorney appears on his behalf."); *Kiro v. Moore*, 229 F.R.D. 228, 231 n.4 (D.N.M. 2005) (rejecting plaintiff's argument that "by entering an appearance, [defendants' counsel] made a general appearance, thereby obviating the need to serve [defendants]" as "without merit"). For example, a Florida court relied upon the standard articulated by the Fifth Circuit in *Maiz* to summarily reject the flawed argument that an attorney's appearance is a general appearance:

> Plaintiff believes that a notice of appearance is a general appearance which would result in Defendants waiving their right to challenge service of process. The Court disagrees . . . Defendants filing a notice of appearance did not waive their ability to challenge service of process. A notice of appearance is not a general appearance. *See Maiz*, 311 F.3d at 340 ("A party makes a general appearance whenever it invokes the judgment of the court on any question other than

7


jurisdiction."). Federal courts have held that a notice of appearance does not waive Rule 12(b)(2)-(5) defenses. *See, e.g., Coe v. Philips Oral Healthcare Inc.*, 2014 U.S. Dist. LEXIS 19186, at *2 (W.D. Wash. Feb. 14, 2014) (filing notice of appearance did not waive Rule 12(b)(2) defense).

*Pouyeh v. Pub. Health Tr. of Jackson Health Sys.*, No. 16-23582-CIV, 2017 U.S. Dist. LEXIS 204367, at *2-3 (S.D. Fla. May 11, 2017) (cleaned up), *aff'd*, 718 F. App'x 786 (11th Cir. 2017).

It is plainly obvious that the appearances filed by Messrs. Chenoweth and Petree are not general appearances by Defendants. Such filings do not request any kind of relief for Defendants, which is a necessary condition to qualify as a general appearance. *Maiz*, 311 F.3d at 341. Instead, the appearances are expressly limited "for purposes of receiving notifications in this matter." Dkt. Nos. 11-12.

Moreover, Defendants—all three of whom are foreign *and* subject to a forum-selection clause in all governing contracts with Plaintiff—already made clear in the Consolidated Response that they will challenge the sufficiency of process and the Court's jurisdiction over them. Dkt. No. 10. Neither Defendants nor nonparty Shopify USA have generally appeared or otherwise waived service. And absent proper service of process, the clock cannot start on the deadline to respond to the Complaint.

**B.    Plaintiff Acknowledges that Defendants Preserved Jurisdictional and Service Challenges by Previously Raising Such Issues.**

Plaintiff asserts that Defendants waived any objection to personal jurisdiction or insufficient service of process when their attorneys entered the appearances. But under Federal Rule of Civil Procedure 12, challenges to personal jurisdiction and service of process will only be waived if not raised by a party in their first response to a plaintiff's complaint. FED. R. CIV. P. 12(h)(1). Defendants raised these very issues in their Consolidated Response. *See* Dkt. No. 9, pp. 6-9. And according to Plaintiff's Notice, Defendants' Consolidated Response constituted "a

8

Motion to Dismiss based on lack of personal jurisdiction." Dkt. No. 13, p. 2. Even if the Court were to accept Plaintiff's erroneous argument that the filing of the attorney appearances constituted a general appearance, entry of default would still be improper because Plaintiff concedes Defendants already raised the lack of personal jurisdiction and insufficient service of process in their initial response. *See* Dkt. No. 10. As such, the subsequent filings by Defendants' counsel cannot operate as a waiver of the previously-raised arguments concerning lack of personal jurisdiction and service of process. FED. R. CIV. P. 12(h)(1).

## CONCLUSION AND PRAYER

"The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n,* 874 F.2d 274, 276 (5th Cir. 1989). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn,* 236 F.3d 766, 767 (5th Cir. 2001) (per curiam).

Per Plaintiff's argument: if Defendants don't appear, Plaintiff wins without inquiry, and if Defendants do appear, Plaintiff wins without inquiry. But that is not the law.

For the reasons set forth above and in the Consolidated Response, Defendants respectfully request that this Court deny Plaintiff's Notice.

Respectfully submitted,

**AJAMIE LLP**

By: */s/ Eric Chenoweth*
Eric Chenoweth
Texas Bar No. 24006989
John S. "Jack" Edwards, Jr.
Texas Bar No. 24040851
Nicholas E. Petree
Texas Bar No. 24083657
Pennzoil Place – South Tower
711 Louisiana, Ste. 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
echenoweth@ajamie.com
jedwards@ajamie.com
npetree@ajamie.com

**ATTORNEYS FOR SHOPIFY INC., SHOPIFY COMMERCE SINGAPORE PTE. LTD., AND SHOPIFY INTERNATIONAL LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*/s/ Eric Chenoweth*
Eric Chenoweth