IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIGH TECH REPUBLIC, INC. d/b/a WEBINOPOLY | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:23-CV-03348 |
| SHOPIFY INC.; SHOPIFY COMMERCE SINGAPORE PTE. LTD.; and SHOPIFY INT. LTD., | § § § § | |
| *Defendants*. | § § | |

## DEFENDANTS' PROPOSED DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

Reserving their rights to object to the Court's jurisdiction and assert defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendants Shopify Inc., Shopify Commerce Singapore Pte. Ltd., and Shopify International Limited (together, the "Defendants") file this Proposed Discovery/Case Management Plan and state as follows:

## SUMMARY OF PROCEEDINGS TO DATE

Plaintiff High Tech Republic, Inc. d/b/a Webinopoly ("Plaintiff" or "Webinopoly") filed this lawsuit on September 7, 2023. Dkt. No. 1. ***To date, Plaintiff has yet to serve any Defendant***.

Instead of fixing its known failure to serve Defendants, Plaintiff has twice improperly requested entry of default against the Defendants and a fourth nonparty.[1] Dkt. Nos. 6 and 13. In

---

[1] Plaintiff also sought a default judgment despite no default having been entered. Dkt. No. 7.

response, Defendants alerted the Court to the lack of service and that this Court does not have personal jurisdiction over the Defendants.[2] Dkt. Nos. 9 and 14 (together, the "Responses").

Prior to the initial pretrial and scheduling conference set for March 25, 2024, Defendants' counsel emailed Plaintiff's counsel numerous times. Plaintiff failed to respond before the conference. Plaintiff also failed to provide a proposed joint discovery / case management plan or initiate the call into the Court's conference line as required by the Court's Order. Dkt. No. 2. Defendants dialed into the conference independently and were instructed by the Court's clerk to file their own proposed discovery/case management plan if Plaintiff had not conferred by March 28, 2024. The initial pretrial and scheduling conference was then rescheduled to April 11, 2024. Dkt. No. 15.

Since the original setting for the pretrial and scheduling conference, Defendants' counsel has twice asked Plaintiff's counsel for availability to confer regarding the joint discovery/case management plan. Plaintiff's counsel initially acknowledged Defendants' outreach, but then repeatedly failed to respond or schedule the necessary meet and confer. As a result, Defendants are forced to file their own Proposed Discovery/Case Management Plan as set forth herein.

## PROPOSED DISCOVERY/CASE MANAGEMENT PLAN

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   No meeting has been held to date.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

---

[2] Defendants expressly reserve the arguments made in the Responses along with their right to respond to Plaintiff's Original Complaint (the "Complaint")—including but not limited to asserting the defenses identified in Rule 12(b) of the Federal Rules of Civil Procedure—when service or an appropriate substitute is accomplished. Each of Defendants' responses in this Proposed Discovery/Case Management Plan is made subject to the arguments made in the Responses, which will be detailed further in Defendants' forthcoming motion to dismiss Plaintiff's Complaint.

None.

3.    **<u>Briefly</u> describe what this case is about.**

Plaintiff generally alleges in its Complaint that one or more of the Defendants improperly terminated their agreement with Plaintiff concerning use of an ecommerce platform. As stated in Plaintiff's Complaint, "this is a civil action for breach of contract, unconscionability, breach of good faith and fair dealing, and discrimination under the laws of Ontario, Canada (Partnership Act, Human Rights Act, et. seq.)." Dkt. No. 1, ¶ 5.

Defendants deny each of Plaintiff's allegations and contend that, among other defenses: (a) this Court lacks personal jurisdiction over any of the Defendants, (b) Plaintiff had no relationship—contractual or otherwise—with one or more of the Defendants, (c) the agreements governing the relevant relationships and Plaintiff's claims include mandatory forum selection clauses requiring any dispute to be brought in Ontario, Canada, (d) Plaintiff committed, and admits in its Complaint to have committed, the first material breach of contract, and (e) the subject agreements all explicitly provide for termination by any party at any time, with or without cause.

4.    **Specify the allegation of federal jurisdiction.**

Plaintiff alleges in its Complaint that federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Plaintiff also alleges that this Court has personal jurisdiction over Defendants because they operated as a "corporation throughout the United States and entered into commercial contracts in the Southern District of Texas." Dkt. No. 1, ¶ 7.

5.    **Name the parties who disagree and the reasons.**

Each of the Defendants contends that this Court lacks personal jurisdiction over it. Each of the Defendants is a foreign entity (located in Canada, Singapore, and Ireland, respectively) and neither specific nor general jurisdiction is present or adequately alleged in this matter.

6.    **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None known at this time.

7.    **List anticipated interventions.**

None known at this time.

8.    **Describe class−action issues.**

None.

- 3 -

**9.    State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Neither party has made initial disclosures. Defendants have not been served with process and, to date, Plaintiff has failed to respond to Defendants' request to confer regarding arrangements for discovery and case management in this matter.

**10.   Describe the proposed agreed[3] discovery plan, including:**

**A.   Responses to all the matters raised in Rule 26(f).**

Defendants have not been served with process. And despite Defendants' counsel raising potential waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure in prior correspondence, Plaintiff has also not requested waiver of service pursuant to Rule 4(d). As further detailed below in Item 22, Defendant respectfully requests that the Court order Plaintiff to either serve Defendants or request waiver pursuant to Rule 4(d) by a date certain so that the requisite discovery and other deadlines in the Federal Rules of Civil Procedure can be triggered.

Once the deadline to respond to Plaintiff's Complaint is set, Defendants intend to file a motion to dismiss on the grounds identified above in Item 3, among others. Given the multiple serious deficiencies with Plaintiff's pleading, Defendants request that the Court stay discovery until ruling on the forthcoming motion to dismiss Plaintiff's Complaint.

**B.   When and to whom the plaintiff anticipates it may send interrogatories.**

Unknown.

**C.   When and to whom the defendant anticipates it may send interrogatories.**

If discovery proceeds, Defendant anticipates sending interrogatories to Plaintiff.

**C.   Of Whom and by when the plaintiff anticipates taking oral depositions.**

Unknown.

**E.   Of Whom and by when the defendant anticipates taking oral depositions.**

If discovery proceeds, Defendants anticipate taking the following depositions within sixty days of Plaintiff's production of documents: (a) Plaintiff's designated corporate representative, (b) Mohammed Farhat, and (c) relevant employees or agents of Plaintiff who interfaced with any of the Defendants on behalf of Plaintiff.

---

[3] For clarity and as noted above, this is not an "agreed" proposal due to Plaintiff's inability to confer to date.

**F.   When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

If discovery proceeds, Defendants anticipate designating any necessary experts and providing reports within thirty days after receiving Plaintiff's designation of experts and reports.

**F.   List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Unknown.

**H.   List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (export report).**

If discovery proceeds, Defendants anticipate taking depositions of each expert designated by Plaintiff within thirty days after receiving Plaintiff's designation of experts and reports.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.**

Unknown.

**12.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.   State the date the planned discovery can reasonably be completed.**

If discovery proceeds, Defendants anticipate that discovery can reasonably be completed within nine months.

**14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

None.

**15.   Describe what each party has done or agreed to do to bring about a prompt resolution.**

Defendants are committed to discussing and considering in good faith any potential and prompt resolution.

16.   **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

Defendants do not currently believe any alternative dispute resolution is reasonably suitable for this matter; however, Defendants remain committed to discussing and considering in good faith any potential resolution techniques.

17.   **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Defendants object to trial before a magistrate judge.

18.   **State whether a jury demand has been made and if it was made on time.**

Plaintiff requested a jury in its Complaint. No jury fee has been paid to date.

19.   **Specify the number of hours it will take to present the evidence in this case.**

Defendants currently anticipate requiring at least twenty hours to present their evidence in this case.

20.   **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

21.   **List other motions pending.**

None.

22.   **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Defendants have not yet had an opportunity to respond to the Complaint or seek its dismissal because they have not been served with process by Plaintiff. Defendants' attempts to confer have also largely been ignored by Plaintiff. Defendants therefore respectfully request that the Court:

(a) Enter a scheduling order setting forth deadlines for the following actions to occur:

i.   Plaintiff serve Defendants or request waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure;

ii.   Defendants file their responsive pleading, including any motions to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure;

iii.   Plaintiff respond to Defendants' responsive pleading;

iv.    Defendants file any reply in support of their responsive pleading; and

(b) Stay all discovery until such time that the Court rules on Defendants' motions to dismiss.

23.    **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

No party has filed its Disclosure of Interested Parties. Defendants are prepared to file theirs within fourteen days from the date they are served or Plaintiff requests waiver of service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.

24.    **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

| **Plaintiff's Counsel:** | **Defendants' Counsel:** |
|---|---|
| Kristi B. Hubbard | Eric Chenoweth |
| Texas Bar No. 24110020 | Texas Bar No. 24006989 |
| THE HUBBARD LAW FIRM, P.C. | Nicholas E. Petree |
| 6200 Savoy Drive, Suite 1202 | Texas Bar No. 24083657 |
| Houston, Texas 77036 | AJAMIE LLP |
| Telephone: (713) 385-2003 | Pennzoil Place – South Tower |
| | 711 Louisiana, Suite 2150 |
| | Houston, Texas 77002 |
| | Telephone: (713) 860-1600 |

Dated: March 28, 2024.

Respectfully submitted,

**AJAMIE LLP**

By: */s/ Eric Chenoweth*
Eric Chenoweth
Texas Bar No. 24006989
Nicholas E. Petree
Texas Bar No. 24083657
Pennzoil Place – South Tower
711 Louisiana, Ste. 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
echenoweth@ajamie.com
npetree@ajamie.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF CONFERENCE**

Defendants' counsel emailed Plaintiff's counsel on March 14, 2024, requesting to confer and asking for Plaintiff's draft of the joint discovery/case management plan. Plaintiff's counsel did not respond until March 26, 2024—the day after the initial pretrial and scheduling conference was scheduled to occur with the Court. In her email, Plaintiff's counsel asked if Defendants' counsel was available to discuss the joint discovery plan. Defendants' counsel responded within the hour with their availability and asked Plaintiff's counsel when and how she could be reached. Plaintiff's counsel did not respond. Defendants' counsel again followed up the next day, March 27, 2024. Plaintiff's counsel still has not responded as of this filing.

*/s/ Eric Chenoweth*
Eric Chenoweth

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*/s/ Eric Chenoweth*
Eric Chenoweth