IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIGH TECH REPUBLIC, INC. d/b/a WEBINOPOLY | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. 4:23-CV-03348 |
| SHOPIFY INC.; SHOPIFY COMMERCE SINGAPORE PTE. LTD.; and SHOPIFY INT. LTD., | § § § § § | |
| *Defendants.* | § § | |

## DEFENDANTS' OBJECTION TO ORDER FOLLOWING TELEPHONE SCHEDULING CONFERENCE [Dkt. No. 18]

Reserving their rights to object to the Court's jurisdiction and assert defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendants Shopify Inc., Shopify Commerce Singapore Pte. Ltd., and Shopify International Limited (together, the "Defendants") file this Objection to the Court's Order Following Telephone Scheduling Conference entered on April 11, 2024 (Dkt. No. 18) (the "Scheduling Order"):

## Defendants Object to the Scheduling Order Because They Have Not Been Added as Parties to this Lawsuit

The Scheduling Order entered by the Court sets various discovery and filing deadlines for Plaintiff High Tech Republic, Inc. d/b/a Webinopoly ("Plaintiff") and Defendants. Dkt. No. 18. But as detailed in prior filings, though this case was filed more than eight months ago, Plaintiff has not served *nor attempted to serve* any Defendant with process in this matter. *See* Dkt. Nos. 9, 14, and 16. And "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

1

Here, the Court lacks personal jurisdiction over Defendants at the threshold because they have not been made parties to this lawsuit.[1] *See Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a . . . court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."). As a result, Defendants cannot be required to take the requisite actions set forth in the Scheduling Order. *Murphy Bros.*, 526 U.S. at 350 (noting that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."). Defendants accordingly respectfully object to the Scheduling Order and request that the Court vacate the deadlines set forth therein.

### The Court Should Enter a Deadline
### for Plaintiff to Serve Defendants

Defendants attempted on numerous occasions to confer with Plaintiff regarding its failure to serve Defendants and the submission of a joint discovery/case management plan, but Plaintiff failed to respond. Dkt. No. 16. Defendants accordingly filed their own proposed discovery/case management plan[2] requesting that the Court order Plaintiff to serve Defendants (or follow the requirements of Rule 4(d) for waiver of service) by a date certain so that the requisite discovery and other deadlines can be triggered. *Id.* at pp. 4, 6.

Defendants renew this request. Specifically, Defendants respectfully ask the Court to require—as it has done before—Plaintiff to serve Defendants (or request waiver of service) within sixty days from entry of the Court's order. *See Advanced Nano Coatings, Inc. v. Hanafin*, No. H-

---

[1] As previously noted, this Court also lacks personal jurisdiction over each foreign Defendant. Dkt. Nos. 9, 14, and 16. However, Defendants cannot properly move to dismiss before Plaintiff has even attempted service on them.

[2] Plaintiff failed to submit any proposed discovery/case management plan.

09-1243, 2009 U.S. Dist. LEXIS 134061, at *8-9 (S.D. Tex. Aug. 10, 2009) (J. Hoyt) (order entered allowing plaintiffs sixty days to effect service upon foreign defendants).

Defendants are prepared to defend against Plaintiff's meritless lawsuit. If and when Rule 4 has been satisfied, Defendants will expeditiously move for dismissal of Plaintiff's claims on grounds including but not limited to lack of personal jurisdiction, application of a binding forum selection clause, and Plaintiff's failure to state a claim. But Defendants cannot move this matter towards resolution if Plaintiff does not take the necessary procedural steps to prosecute its claims. And it appears that Plaintiff remains unwilling to take these actions absent a clear directive from the Court.

## Conclusion and Prayer

For the reasons set forth above and in Defendants' Proposed Discovery/Case Management Plan [Dkt. No. 16], Defendants respectfully object to the deadlines set forth in the Scheduling Order and request that the Court (1) vacate the Scheduling Order, and (2) require Plaintiff to affect service pursuant to Rule 4 of the Federal Rules of Civil Procedure within sixty days from entry of the Court's order. Defendants further request that the Court grant Defendants any other relief to which they are entitled at law or in equity.

Respectfully submitted,

**AJAMIE LLP**

By: */s/ Eric Chenoweth*
Eric Chenoweth
Texas Bar No. 24006989
Nicholas E. Petree
Texas Bar No. 24083657
Pennzoil Place – South Tower
711 Louisiana, Ste. 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
echenoweth@ajamie.com
npetree@ajamie.com

**ATTORNEYS FOR SHOPIFY INC., SHOPIFY COMMERCE SINGAPORE PTE. LTD., AND SHOPIFY INTERNATIONAL LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*/s/ Eric Chenoweth*
Eric Chenoweth