IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| HIGH TECH REPUBLIC, INC. d/b/a WEBINOPOLY, §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>SHOPIFY, INC., SHOPIFY (USA), Inc. §<br>SHOPIFY COMMERCE SINGAPORE §<br>PTE. LTD., SHOPIFY INT. LTD. §<br>*Defendants.* § | Civil Case No. 4:23-CV-03348 |

## PLAINTIFF'S RESPONSE TO OBJECTION TO SCHEDULING ORDER

Plaintiff High Tech Republic, Inc. d/b/a Webinopoly, ("Plaintiff") files this Response to Defendants' Objection to Scheduling Order.

Defendants have been properly served and should be ordered to adhere to the Court's Scheduling Order. In the alternative, should the Court determine service was somehow not properly effectuated, Defendants have waived their defense of lack of personal jurisdiction by making several appearances and participating in this litigation and should be ordered to adhere to the Court's Scheduling Order.

### I.   Procedural History

Plaintiff filed its Complaint on September 7, 2023, and successfully served the Defendants through the appropriate registered agent on October 6, 2023. [Doc. No. 5]. Defendants filed a Response to Plaintiff's Request for Entry for Default. [Doc. No. 9]

Then, Defendants entered general appearances. [Doc. Nos. 11, 12]. There is no language in either of the appearances made by Defendants' counsel that indicates it is a "special" or "limited" appearance. *Id.* Further, since then, Defendants have filed a Response to Plainitiff's Request for Entry for Default [Doc. No. 14], a Joint Discovery/Case Management Plan [Doc. No.

16], appeared at and participated in two Scheduling Conferences, and then filed its Objection to the Court's Scheduling Order. [Doc. 19].

## II.     Applicable Law and Argument

It is a long standing and well settled rule that "[a] general appearance waives all question of the service of process. It is equivalent to a personal service." *Creighton v. Kerr,* 87 U.S. 8, 22 L.Ed. 309, 20 Wall. 8 (1873).

However, the authority cited by Defendants states whether or not service of process is valid is a matter of state law.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Under Texas law, if a defendant makes a general appearance, or a defective special appearance by not filing the appropriate motion, that appearance has the same effect as if a citation had been duly issued and served as provided by law. *Fountains Int'l Grp., Inc. v. Winn*, No. SA-10-CA-645-H, 2011 WL 13269773 (W.D. Tex. Sept. 20, 2011), *see also, Bebee v. Motorola Sols., Inc.*, No. 4:16-CV-763, 2017 WL 1180428 (S.D. Tex. Mar. 29, 2017) (noting that general appearances, under 5th Circuit and Texas precedent, act as a waiver of service and start the deadline to answer).

"We have taken an expansive view as to what constitutes an appearance... We have not construed the phrase "has appeared in the action" to require the filing of responsive papers or actual in-court efforts by the defendant." *Rogers v. Hartford Life and Acc. Ins. Co*., 167 F.3d 933, 936 (5th Cir. 1999) (citing, *United States v. McCoy*, 954 F.2d 1000, 1003 (5th Cir.1992) (noting the "relatively low threshold for making an appearance for purposes of Rule 55(b)(2)'s three-day notice requirement")).

For a party to make a general appearance they only need to take some affirmative action that "impliedly recognizes the court's jurisdiction." *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334 (5th Cir. 1996).  Any mere "indication that the defendant intends to pursue a defense"

and response to the plaintiff's lawsuit will suffice. *Rogers v. Hartford* at p. 937 (citing, *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir.1975); *see also Sun Bank*, 874 F.2d at 276 (noting that appearances " 'include a variety of informal acts on defendant's part which are responsive to plaintiff's formal action in court, and which may be regarded as sufficient to give plaintiff a clear indication of defendant's intention to contest the claim' "). Essentially, "[e]very appearance made prior to judgement that is not in compliance with the special appearance rule is a general appearance. *Raymond Corp. v. Rubio*, 658 S.W.3d 740 (Tex. App. 2022).

Additionally, "[c]omplaints regarding defective service of process do not defeat a non-resident's amenability to the court's process and thus should be raised by a motion to quash and not by special appearance." *Raymond Corp. v. Rubio*, 658 S.W.3d 740 (Tex. App. 2022).

Defendants rely on *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) to argue that this Court does not have jurisdiction. However, *Murphy Bros.* addresses triggering event for the deadline to file a notice of removal, and does not discuss whether making a general appearance in and then actively litigating a case is a waiver of service.

Defendants have not followed the Rules of Civil Procedure for making a special appearance. The Notices of Appearance filed by Defendants do not indicate in any way that they are limited or special appearances. Defendants have availed themselves of the benefits of this Court's judgement by filing two separate responses, a Case Management Plan, appearing at two different scheduling conferences (although the second one did not go forward), and filing their Objection to the Court's Scheduling Order. These actions by Defendants more than imply this Court has jurisdiction.

Additionally, Defendants' only argument is that service was somehow ineffective. Defendants have not made any sufficient argument or provided any evidence that service was

3

improper. However, even if they did provide some sufficient argument or evidence, a mere complaint about service is not sufficient to maintain an objection to jurisdiction. *Raymond Corp. v. Rubio*, 658 S.W.3d 740.

Accordingly, Defendants should be ordered to adhere to the Court's scheduling order, and Defendants' defense as to jurisdiction should be deemed waived.

/s/  *Kristi Hubbard*

Kristi Hubbard, Managing Attorney
SBN: 24110020
The Hubbard Law Firm P.C.
6464 Savoy Drive, Suite 777
Houston, Texas 77036
Direct: 713-385-2003

## **CERTIFICATE OF SERVICE**

The undersigned, attorney for Plaintiff, hereby certifies that she served the foregoing Response to Objection to Scheduling Order on all counsel of record via filing it with the Clerk of Court using the CM/ECF system :

Eric Chenoweth
AJAMIE LLP
711 Louisiana Street, Suite 2150 | Houston TX 77002
echenoweth@ajamie.com

May 29, 2024

/s/__*Kristi Hubbard*_____

Kristi Hubbard, Managing Attorney
SBN: 24110020
The Hubbard Law Firm P.C.
6464 Savoy Drive, Suite 777
Houston, Texas 77036
Direct: 713-385-200