IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIGH TECH REPUBLIC, INC. d/b/a WEBINOPOLY | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 4:23-CV-03348 |
| SHOPIFY INC.; SHOPIFY COMMERCE SINGAPORE PTE. LTD.; and SHOPIFY INT. LTD., | § § § § | |
| *Defendants.* | § § | |

## DEFENDANTS' REPLY IN SUPPORT OF THE OBJECTION TO ORDER FOLLOWING TELEPHONE SCHEDULING CONFERENCE

Reserving their rights to object to the Court's jurisdiction and assert defenses pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendants Shopify Inc., Shopify Commerce Singapore Pte. Ltd., and Shopify International Limited (together, the "Defendants") file this Reply in Support of the Objection to the Court's Order Following Telephone Scheduling Conference filed by Defendants as Docket No. 19 (the "Objection")[1]:

### Plaintiff Fails to Raise Any Issue
### Negating the Need to Vacate the Scheduling Order

The Scheduling Order sets various discovery and filing deadlines for the parties. Dkt. No. 18. However, Defendants have yet to be served with process. Rather than ignore the Scheduling Order, Defendants filed the Objection to request that the Court vacate the Scheduling Order and require Plaintiff to properly affect service on Defendants.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Objection, which is incorporated as if fully set forth herein. *See* Dkt. No. 19.

Plaintiff's response (Dkt. No. 21) fails to rebut this fundamental due process point underlying the Objection—Defendants have not been made parties to this matter. Instead, Plaintiff misstates the record and conflates controlling law in a vain attempt to confuse this simple issue. But each argument raised by Plaintiff in its response fails for the reasons specified in turn below.

**A.    Plaintiff has yet to serve any Defendant.**

Plaintiff cites to a purported "proof of service" filed as Docket Entry No. 5 to support its incorrect assertion that it "successfully served the Defendants." Dkt. No. 21, p. 1. Yet, as Defendants previously detailed, this "proof of service" does not indicate service on any of the named Defendants. *See* Dkt. No. 9, pp. 4, 7-8. The "proof of service" instead states only that a summons was supposedly delivered to the registered agent for Shopify (USA) Inc. ("Shopify USA"). Dkt. No. 5. *But Shopify USA is not named by Plaintiff as a party in this case.* Plaintiff's Original Complaint names only the three foreign entities as Defendants and omits *any* reference whatsoever to Shopify USA. *See* Dkt. No. 1. Any purported service on non-party Shopify USA is wholly insufficient to establish service on any of the three distinct foreign entities actually named as Defendants. *See* Dkt. No. 9.

**B.    Plaintiff has the burden to prove service.**

Plaintiff claims that Defendants have not provided evidence that service was improper. Dkt. No. 21, pp. 3-4. *First*, Plaintiff bears the burden to establish valid service of process on each Defendant. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). And here, Plaintiff has yet to submit anything indicating even an attempt at service on any of the named Defendants. *Second*, Plaintiff's assertion is factually untrue. Defendants point to Plaintiff's own "proof of service" to demonstrate the attempted service was on the wrong entity. *See* Dkt. No. 5. And Defendants also submitted the letter sent to Plaintiff's counsel informing her that the entity

2

she attempted to serve "is not the registered agent" for non-party Shopify USA. *See* Dkt. No. 9, pp. 4, 8 and Exhibit "A" attached thereto.

**C.    The Federal Rules of Civil Procedure—which govern here—eliminated the distinction between "special" and "general" appearances.**

Plaintiff claims that Defendants waived any objection to this Court's jurisdiction by failing to adhere to the rules "for making a special appearance." Dkt. No. 21, p. 3. In doing so, Plaintiff appears to erroneously believe Texas state law provides the rules in federal courts for service by a plaintiff and appearance by a defendant. *See id.* at p. 2. But the Federal Rules of Civil Procedure govern both service and appearances in federal court. *See* FED. R. CIV. P. 4, 4.1 and 12. And the "Federal Rules of Civil Procedure abolished the technical distinction between general and special appearances." *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 490 (5th Cir. 1974) (overruled on other grounds as recognized in *Hester Int'l Corp. v. Fed. Republic of Nigeria*, 879 F.2d 170, 181 (5th Cir. 1989)). All of Plaintiff's arguments regarding the efficacy of service and whether Defendants appeared in this matter based upon state law thus entirely miss the mark. *See, e.g., Flock v. Scripto-Tokai Corp.*, No. H-00-3794, 2001 U.S. Dist. LEXIS 23881, at *10 (S.D. Tex. June 25, 2001) (rejecting plaintiff's argument that defendants' filings waived jurisdictional defenses because the cases relied upon by plaintiff "are based on Texas procedure, which unlike federal procedure, still recognizes a distinction between general and special appearances.").

**D.    Defendants have not waived jurisdictional defenses by "generally" appearing.**

Plaintiff asserts that Defendants waived their defense of lack of personal jurisdiction by "making several appearances and participating in this litigation." Dkt. No. 21, p. 1. As detailed in previous filings, the law is clear that the actions taken by Defendants do not constitute appearances for purposes of waiving jurisdictional defenses. *See, e.g.,* Dkt. No. 14, pp. 5-7 (collecting cases within Fifth Circuit and other federal courts rejecting arguments that attorney appearances waive

jurisdictional defenses); *see also Flock*, 2001 U.S. Dist. LEXIS 23881, at *13 (holding foreign defendants' counsel's participation in scheduling conference and filing motion for admission pro hac vice "cannot be construed as an affirmative action that impliedly recognizes this court's jurisdiction over the foreign defendants.").

It is unfathomable for Plaintiff to assert that "actions by Defendants more than imply this Court has jurisdiction" given that Defendants have consistently and repeatedly noted in their filings the Court's lack of personal jurisdiction over them. In fact, each of Defendants' filings cited by Plaintiff in its response that allegedly "imply this Court has jurisdiction" expressly objected to this Court's jurisdiction or was limited for administrative purposes of receiving notifications.[2] Indeed, the very reason Defendants filed the Objection was to request a deadline by which Plaintiff must serve Defendants so that they may "expeditiously move for dismissal of Plaintiff's claims on grounds including but not limited to lack of personal jurisdiction." Dkt. No. 19, p. 3.

Plaintiff's argument is emblematic of its "heads I win, tails you lose" approach to this case and the need for the Scheduling Order to be vacated. Plaintiff attempts to use each time Defendants have raised Plaintiff's service failures and this Court's lack of jurisdiction as instances of Defendants supposedly waiving these very same defenses. Plaintiff would certainly do the same if Defendants went along with the deadlines imposed by the Scheduling Order without objection. Defendants accordingly respectfully request that the Court vacate the Scheduling Order and provide Plaintiff sufficient clarity that it too must abide by the Federal Rules of Civil Procedure.

---

[2] *Compare* Dkt. No. 21, p. 3 (Plaintiff referencing Defendants' objections to entry of default judgment [Dkt. Nos. 9 and 14], Proposed Discovery/Case Management Plan [Dkt. No. 16], Objection [Dkt. No. 19], and notices of appearance of counsel [Dkt. Nos. 11-12]) *with* Dkt. No. 9, p. 9 n. 5 (demonstrating Plaintiff's failure "to carry its burden of establishing that this Court has personal jurisdiction over any of the foreign Defendants"), Dkt. No. 14, pp. 8-9 (noting Defendants' challenge to the Court's jurisdiction over them), Dkt. No. 16, pp. 1-2 (stating "this Court does not have personal jurisdiction over the Defendants"), Dkt No. 19 p. 2 (noting "the Court lacks personal jurisdiction over Defendants"), and Dkt. Nos. 11-12 (noting the appearances of counsel are "for purposes of receiving notifications in this matter").

## Conclusion and Prayer

Defendants are prepared to defend against Plaintiff's meritless lawsuit. But Defendants cannot effectively move this matter towards resolution if Plaintiff continues to ignore the Federal Rules of Civil Procedure and basic due process requirements. For the reasons set forth above and in Defendants' Objection, Defendants respectfully object to the deadlines set forth in the Scheduling Order and request that the Court (1) vacate the Scheduling Order, and (2) require Plaintiff to affect service pursuant to Rule 4 of the Federal Rules of Civil Procedure within sixty days from entry of the Court's order.

Respectfully submitted,

**AJAMIE LLP**

By:  */s/ Eric Chenoweth*
Eric Chenoweth
Texas Bar No. 24006989
Nicholas E. Petree
Texas Bar No. 24083657
Pennzoil Place – South Tower
711 Louisiana, Ste. 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
echenoweth@ajamie.com
npetree@ajamie.com

**ATTORNEYS FOR SHOPIFY INC., SHOPIFY COMMERCE SINGAPORE PTE. LTD., AND SHOPIFY INTERNATIONAL LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*/s/ Eric Chenoweth*
Eric Chenoweth