IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIGH TECH REPUBLIC, INC. d/b/a WEBINOPOLY, | | |
| *Plaintiff,* | | |
| v. | | Civil Action No. 4:23-CV-03348 |
| SHOPIFY, INC.; SHOPIFY COMMERCE SINGAPORE PTE. LTD.; and SHOPIFY INT. LTD., | | |
| *Defendants.* | | |

## DEFENDANTS' MOTION TO DISMISS

# **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ...................................................................................1

NATURE AND STAGE OF PROCEEDINGS ......................................................3

ISSUE TO BE RULED ON BY THE COURT ......................................................4

    A.  The Agreement's mandatory forum-selection provision requires Plaintiff's claims to be brought in Ontario, Canada ...................................................4

    B.  The Court lacks personal jurisdiction over Defendants .................................4

    C.  This Court is an improper venue for Plaintiff's claims .................................4

    D.  The Complaint fails to assert a claim for relief under Rules 8 and 12(b)(6) ................4

STATEMENT OF FACTS ....................................................................................5

PLAINTIFF'S CLAIMS MUST BE DISMISSED .................................................6

    A.  Plaintiff agreed to a mandatory forum-selection clause requiring that all disputes be heard in Ontario, Canada ...................................................6
        1.  The Agreement's forum-selection clause is mandatory .........................7
        2.  The Agreement's mandatory forum-selection clause is enforceable against each of Plaintiff's claims ...................................................8
        3.  Plaintiff cannot show the "extraordinary circumstances" required to overcome application of the Agreement's mandatory forum-selection clause ......................10

    B.  The Court lacks personal jurisdiction over each of the Defendants ...........................12
        1.  Plaintiff does not allege "continuous and systemic contacts" with Texas sufficient for general jurisdiction ...................................................14
        2.  Plaintiff fails to identify sufficient minimum contacts with Texas to establish specific jurisdiction ...................................................15
            i.  Plaintiff fails to allege that Defendants purposefully directed any acts toward Texas ...................................................15
            ii.  There is no nexus between any Defendants' contacts and Plaintiff's claims ...................................................16
            iii.  Exercise of jurisdiction over any of the Defendants would be unfair and unreasonable ...................................................17

    C.  Plaintiff fails to meet its burden to establish proper venue in this Court ...................18

    D.  The Complaint fails to state a claim for relief against any of the Defendants ............20
        1.  The Court should dismiss the claims against Shopify International and Shopify Singapore because they are not parties to the Agreement and Plaintiff fails to make any allegations against them ...................................................20

i

2.  Alternatively, the Complaint improperly lumps multiple parties together
without specifying who is responsible for which alleged acts .............................20

CONCLUSION AND PRAYER ...........................................................................................21

## **TABLE OF AUTHORITIES**

**Cases**

*Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540 (5th Cir. 2018) ............... 10

*Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208 (5th Cir. 2000) ......................................... 4, 13

*Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525 (5th Cir. 2008) ........................... 4

*Asahi Metal Indus. Co., Ltd. v. Superior. Ct. of Cal.*, 480 U.S. 102 (1987) ................................ 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 4

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W.D. Tex.*, 571 U.S. 49
    (2013) .................................................................................................. 2, 4, 6, 7, 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................... 4

*Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1036 (S.D. Tex. 2000) ...................... 18, 19

*Blue World Constr., Inc. v. GMA Garnet USA*, No. 4:19-cv-03538, 2020 U.S. Dist. LEXIS
    150839 (S.D. Tex. Aug. 20, 2020) .................................................................... 8, 9

*BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402 (2017) ...................................................................... 2, 14

*Braspetro Oil Services Cp. v. Modec (USA), Inc.*, 420 F. App'x 612 (5th Cir. 2007) ................. 2

*Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255 (2017) ................................................ 13

*Brokerwood Prods. Int'l, Inc. v. Cuisine Crotone, Inc.*, 104 F. App'x 376
    (5th Cir. 2004) ..................................................................................................... 10

*Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occup. Safety & Health California*,
    1 F.4th 346 (5th Cir. 2021) ................................................................................. 13

*Bullion v. Gillespie*, 895 F.2d 213 (5th Cir. 1990) ..................................................................... 4

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ............................................................. 15

*Carl's Jr. Rests. LLC v. 6Points Food Servs.*, No. CV 15-9827-GHK (ASx), 2016 U.S. Dist.
    LEXIS 88248 (C.D. Cal. July 7, 2016) .............................................................. 11

*Cedars-Sinai Med. Ctr. v. Global Excel Mgm't, Inc.*, No. CV 09-3627 PSG (AJWx), 2009
    U.S. Dist. LEXIS 130572 (C.D. Cal. Dec. 30, 2009) ........................................ 12

*Chenevert v. Springer*, No. C-09-35, 2009 U.S. Dist. LEXIS 63981 (S.D. Tex. July 22, 2009) ............................................................................................................... 19

*Clemens v. McNamee*, 615 F.3d 374 (5th Cir. 2010) ............................................. 16, 19

*Columbare v. Southwest*, No. 3:21-CV-297-B-BK, 2023 U.S. Dist. LEXIS 13383 (N.D. Tex. Jan. 10, 2023) ............................................................................................................ 1

*Danziger & De LLano, LLP v. Verkamp, LLC*, No. 4:20-CV-144, 2021 U.S. Dist. LEXIS 73401 (S.D. Tex. Mar. 29, 2021) ................................................................................ 16

*Del Castillo v. PMI Holdings North America Inc.*, No. 4:14-CV-03435, 2016 U.S. Dist. LEXIS 91051(S.D. Tex. July 13, 2016) .................................................................... 20

*Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327 (5th Cir. 2004) ..................... 2

*Funk v. Stryker Corp.*, 621 F.3d 777 (5th Cir. 2011) ................................................. 1

*Gault v. Yamunaji, L.L.C.*, No. A-09-CA-078-SS, 2009 U.S. Dist. LEXIS 142397 (W.D. Tex. Apr. 17, 2009) ........................................................................................... 19

*Ginter ex rel. Ballard v. Belcher, Prendergast, & Laporte*, 536 F.3d 439 (5th Cir. 2008) ............ 1

*Glob. Envtl. Restoration, Inc. v. Shore Corp.*, No. 6:20-CV-00547, 2022 U.S. Dist. LEXIS 41347 (W.D. La. Mar. 8, 2022) ........................................................................... 12

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) ................................. 14

*Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223 (Tex. 1991) ....................................................................................................... 13

*Gullion v. JLG Serviceplus, Inc.*, No. H-06-1015, 2007 U.S. Dist. LEXIS 6038 (S.D. Tex. Jan. 29, 2007) ............................................................................................... 18

*Gund v. Philbrook's Boatyard*, 374 F. Supp. 2d 909 (W.D. Wash. 2005) ................................. 11

*Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 F. App'x. 281 (5th Cir. 2019) ......................... 14

*Impact Recovery Sys., Inc. v. Liddell Brothers, Inc.*, No. SA-15-CA-722-FB, 2016 U.S. Dist. LEXIS 203596 (W.D. Tex. Apr. 6, 2016) ...................................................................... 8

*In re Plains All Am. Derivative Litig.*, No. H-15-3632, 2016 U.S. Dist. LEXIS 155054 (S.D. Tex. Nov. 8, 2016) ......................................................................................... 9

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) .................................................... 17

iv

*InvenTel Prods., LLC v. Li*, No. 2:19-9190, 2019 U.S. Dist. LEXIS 175943 (D.N.J. Oct. 10, 2019) ................................................................................................ 18

*ISI Int'l, Inc. v. Borden Ladner Gervais, LLP*, 2001 U.S. Dist. LEXIS 18202 (N.D. Ill. Nov. 6, 2001) ................................................................................................ 11

*ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493 (5th Cir. 2012) ........................................... 13, 15

*Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602 (5th Cir. 2008) ........................................ 15

*Jonathan Paul Eyewear, Inc. v. Live Eyewear, Inc.*, No. 12-cv-0908, 2013 U.S. Dist. LEXIS 194765 (W.D. Tex. Aug. 5, 2013) .................................................................... 14

*Just Indus. Servs. LLC v. Ceda Specialty Servs. LP*, No. H-18-1255, 2019 U.S. Dist. LEXIS 234643 (S.D. Tex. Feb. 8, 2019) ................................................................... 10, 11

*LP Digital Solutions v. Signifi Solutions Inc.*, 921 F. Supp. 2d 997 (C.D. Cal. 2013) ................ 12

*McFadin v. Gerber*, 587 F.3d 753 (5th Cir. 2009) ........................................................ 16

*Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014) ................................................ 14

*Ney v. 3i Grp., PLC*, No. 21-50431, 2023 U.S. App. LEXIS 24783 (5th Cir. Sept. 19, 2023) ..................................................................................................... 9

*Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243 (5th Cir. 2023) ................................................................................................. 7, 9

*Nuttall v. Juarez*, 984 F. Supp. 2d 637 (N.D. Tex. 2013) ............................................... 18

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865 (5th Cir. 2001) .............. 15

*PCL Civil Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070  (5th Cir. 2020) ........................ 7, 8

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214 (5th Cir. 2012) ....... 2, 16, 17

*Pokemon Co. Int'l, Inc. v. Shopify, Inc.*, No. 16-MC-80272-KAW, 2017 U.S. Dist. LEXIS 24987 (N.D. Cal. Feb. 22, 2017) ....................................................................... 18

*Ranger Steel Services, L.P. v. Orleans Materials & Equip. Co., Inc.*, No. H-09-3111, 2010 U.S. Dist. LEXIS 2825 (S.D. Tex. Jan. 14, 2010) ...................................................... 3

*Sandler v. iStockphoto LP*, No. 2:15-cv-03659-SVW-JEM, 2016 U.S. Dist. LEXIS 31330 (C.D. Cal. Feb. 5, 2016) ....................................................................... 12

*Searcy v. Parex Res., Inc.*, 496 S.W.3d 58 (Tex. 2016) .............................................. 16

*Sinochem Intern. Co. Ltd. v. Malaysia Intern. Ship. Corp.*, 549 U.S. 422 (2007) .......................... 6

*Tera Grp., Inc. v. Citigroup, Inc.*, No. 17-cv-4302, 2018 U.S. Dist. LEXIS 169625
    (S.D.N.Y. Sept. 28, 2018) ......................................................................................... 14

*Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966) ....................................................... 4

*TV Azteca v. Ruiz*, 490 S.W.3d 29 (Tex. 2016) ................................................................ 13

*Walden v. Fiore*, 571 U.S. 277 (2014) ............................................................................. 16

*Weatherford Int'l, LLC v. Binstock*, 452 F. Supp. 3d 561 (S.D. Tex. 2020) .................... 8

**Statutes**

28 U.S.C. § 1391(a) ............................................................................................................ 3

28 U.S.C. § 1400 .............................................................................................................. 18

**Rules**

Fed. R. Civ. P. 4(d)(3) ....................................................................................................... 4

Fed. R. Civ. P. 8 ................................................................................................................ 3

Fed. R. Civ. P. 12(b)(2) ..................................................................................................... 4

Fed. R. Civ. P. 12(b)(3) ............................................................................................ 4, 18, 19

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 3, 4

Defendants Shopify Inc., Shopify Commerce Singapore Pte. Ltd. ("Shopify Singapore"), and Shopify International Limited ("Shopify International," and together, the "Defendants"), file this Motion to Dismiss and in support show as follows:

## I.
## SUMMARY OF ARGUMENT

Plaintiff asserts three claims that all rely on a contract it signed with Shopify Inc. of *Canada*. As Plaintiff concedes, the contract is governed by *Canadian* law. Dkt. 1, ¶ 25. The contract likewise includes a mandatory forum-selection clause requiring all disputes be brought in *Canada*. Yet, after Shopify Inc. terminated the parties' relationship according to the contract's express terms for Plaintiff's repeated infractions, Plaintiff filed this suit against Shopify Inc., Shopify Singapore, and Shopify International in *Texas*. Plaintiff's claims must be dismissed for four reasons.

*First*, the contract governing the parties' relationship (the "Agreement")[1] includes a mandatory forum-selection clause requiring that any dispute related to the Agreement be brought in Ontario, Canada. *See* Ex. 1-A, Agreement at Section 10.7 ("any legal action, proceeding, controversy, or claim between the Parties arising out of or relating to this Agreement may be brought and prosecuted *only* in a court of law in the province of Ontario, Canada" (emphasis added)). The Fifth Circuit routinely requires enforcement of mandatory forum-selection clauses to dismiss suits, like these, filed in improper fora. *See, e.g., Ginter ex rel. Ballard v. Belcher,*

---

[1] Though Plaintiff references the Agreement between itself and Shopify Inc. throughout the Complaint, it fails to attach a copy. Defendants attach hereto as Exhibit 1-A a true and correct copy of the applicable Agreement between Plaintiff and Shopify Inc. authenticated by a records custodian for the Internet Archive that is also publicly accessible at https://web.archive.org/web/20150428080404/https:/www.shopify.com/partners/terms. The Court can take judicial notice of the Agreement's terms at the pleading stage. *See Funk v. Stryker Corp.*, 621 F.3d 777, 783 (5th Cir. 2011) (district court must consider "documents incorporated into the complaint by reference" (quotation omitted)); *Columbare v. Southwest*, No. 3:21-CV-297-B-BK, 2023 U.S. Dist. LEXIS 13383, at *11-12 (N.D. Tex. Jan. 10, 2023) (taking judicial notice of contract's terms that are publicly available online).

*Prendergast, & Laporte*, 536 F.3d 439, 444-45 (5th Cir. 2008) (reversing and remanding with instructions to dismiss based on mandatory forum selection clause); *Braspetro Oil Services Cp. v. Modec (USA), Inc.*, 420 F. App'x 612, 618 (5th Cir. 2007) (affirming enforcement of forum selection clause requiring suit be brought in Brazil). And Plaintiff cannot show "extraordinary circumstances" to set aside enforcement of the forum-selection clause because this is a simple case of two sophisticated businesses agreeing to litigate all disputes in Canada. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W.D. Tex.*, 571 U.S. 49, 62-64 (2013) ("When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations.").

*Second*, this Court lacks personal jurisdiction over each of the Defendants. Plaintiff cannot establish general jurisdiction because Defendants are foreign entities whose principal places of business are outside of Texas and are not alleged to have any specific, significant contacts with Texas. *See, e.g.*, *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) (no general jurisdiction where defendant not incorporated in forum, does not maintain principal place of business in forum, and is not at "home" in forum). Plaintiff likewise cannot establish specific jurisdiction because the primary Texas contacts specific to this case is Shopify Inc.'s contract and work with the Texas-resident Plaintiff, allegations that the Fifth Circuit has repeatedly held is insufficient to establish specific jurisdiction. *See Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 223-24 (5th Cir. 2012) (holding that signing an "off-the-shelf, out-of-the-box contract" with a Texas company is insufficient to establish specific jurisdiction); *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) ("combination of mailing payments to the forum state, engaging in communications related to the . . . contract, and the existence of a contract

between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts").

*Third*, Plaintiff also cannot establish venue in this district because: (i) no Defendant resides in this state; (ii) Plaintiff does not sufficiently allege that a substantial part of the events relating to this case occurred in this district; and (iii) no Defendant is subject to personal jurisdiction in Texas. 28 U.S.C. 1391(a). Indeed, courts routinely dismiss suits for improper forum where the only alleged contact is, as here, the defendant's contract and work with a resident in the district. *See, e.g.*, *Ranger Steel Services, L.P. v. Orleans Materials & Equip. Co., Inc.*, No. H-09-3111, 2010 U.S. Dist. LEXIS 2825, at *6-7 (S.D. Tex. Jan. 14, 2010) (dismissing for improper venue even though payment was sent to Texas, phone calls were made to Texas, and emails were sent to Texas as part of the parties' relationship).

*Fourth*, the Complaint fails under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's claims against Shopify Singapore and Shopify International must be dismissed because the Complaint does not make a single allegation against either entity, instead making them against "Shopify," which is defined in the Complaint to refer only to Shopify Inc. And if Plaintiff contends that use of "Shopify" throughout the Complaint should be read to collectively refer to all Defendants, then the impermissible lumping together of all Defendants fails to provide adequate notice of the claims against each entity as required by Rule 8.

## II.
## NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed this lawsuit on September 7, 2023. Dkt. 1. After unsuccessfully seeking multiple default judgments despite failing to serve any of the Defendants with process, Plaintiff requested waiver of service of process from Defendants over a year later on September 26, 2024. Dkt. 31-33. Because Defendants are foreign entities outside of the United States, their deadline

to serve an answer or motion under Rule 12 is December 26, 2024. Fed. R. Civ. P. 4(d)(3). No

docket control order or other deadlines are currently pending. Dkt. 23.

### III.
### <u>ISSUE TO BE RULED ON BY THE COURT</u>

The issue to be determined by this Court is whether the claims asserted by Plaintiff against

Defendants should be dismissed for the following reasons:

A. **The Agreement's mandatory forum-selection provision requires Plaintiff's claims to be brought in Ontario, Canada.** The Supreme Court has indicated that dismissal is appropriate on grounds of *forum non conveniens* when there is a forum-selection clause mandating that the claims be litigated in another forum. *Atl. Marine Constr.*, 571 U.S. at 60. As described further below, the plaintiff acting in violation of a mandatory forum-selection clause bears the burden of demonstrating certain public-interest factors "overwhelmingly disfavor" dismissal. *Id.*

B. **The Court lacks personal jurisdiction over Defendants.** Rule 12(b)(2) permits a defendant to move for dismissal for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden to establish that personal jurisdiction exists as to each defendant. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990). To satisfy that burden, the plaintiff must present sufficient facts to make out a prima facie case supporting jurisdiction. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

C. **This Court is an improper venue for Plaintiff's claims.** Rule 12(b)(3) allows a defendant to move for dismissal for improper venue. Fed. R. Civ. P. 12(b)(2). "[T]he plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed." *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).

D. **The Complaint fails to assert a claim for relief under Rules 8 and 12(b)(6).** "Under Rule 8(a), a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). A motion to dismiss under Rule 12(b)(6) is resolved solely on the face of the complaint. To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions, and a formulaic recitation of the elements" of claims will not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**IV.**
**STATEMENT OF FACTS**

Plaintiff filed its Complaint on September 7, 2023. Dkt. 1. The Complaint's caption names

three foreign Defendants:

- **Shopify Inc.** – described in the Complaint as a Canadian corporation with its principal office in Ottawa, Canada. Dkt. 1, ¶ 2.

- **Shopify Singapore** – described in the Complaint as a Singapore entity with its principal office in Singapore. *Id.* at ¶ 4.

- **Shopify International** – described in the Complaint as an Irish entity with its principal office in Dublin, Ireland. *Id.* at ¶ 3.

The Complaint asserts three causes of action against Shopify Inc., each of which is

premised upon the Agreement between Shopify Inc. and Plaintiff: (1) breach of the Agreement (*id.*

at ¶¶ 26-37), (2) breach of implied covenant of good faith and fair dealing arising from the

Agreement (*id.* at ¶¶ 38-44), and (3) declaratory judgment that the termination provision of the

Agreement is unenforceable (*id.* at ¶¶ 45-50). Although Shopify Singapore and Shopify

International are included in the caption and "Parties" section of the Complaint, neither is

otherwise referenced anywhere else in the Complaint. *See generally id.*

The Complaint acknowledges the subject Agreement provides that any dispute between

Plaintiff and Shopify Inc. is subject to Canadian law. *Id.* at ¶ 25. Notably, the same provision of

the Agreement that the Complaint references as incorporating Canadian law also explicitly

requires that the parties submit to the exclusive jurisdiction of the courts of the Province of Ontario,

Canada with respect to any dispute relating to the Agreement:

---

### 10.7. Applicable Laws

This Agreement shall be governed, construed and enforced in accordance with the laws of the Province of Ontario, Canada. Each Party agrees that any legal action, proceeding, controversy or claim between the Parties arising out of or relating to this Agreement may be brought and prosecuted only in a court of law in the Province of Ontario, Canada, and by execution of this Agreement each Party hereto submits to the exclusive jurisdiction of such court and waives any objection it might have based upon improper venue or inconvenient forum.

By marking the 'I have read and agree to the terms and conditions' checkbox, Shopify Partner hereby fully agrees with all terms and provisions.

---

*See* Ex. 1-A, Agreement at Section 10.7 (emphasis added). The Agreement also specifies that either party can "terminate this Agreement at any time, with or without cause, effective immediately upon notice to" the other party. *Id.* at Section 4.1.

**V.**
**PLAINTIFF'S CLAIMS MUST BE DISMISSED**

**A.**    **Plaintiff agreed to a mandatory forum-selection clause requiring that all disputes be heard in Ontario, Canada.**

Plaintiff and Shopify Inc. agreed to litigate all disputes relating to their business relationship in Ontario, Canada. Ex. 1-A, Agreement at Section 10.7. The Court should accordingly dismiss all of Plaintiff's claims against Shopify Inc. as they are not properly brought in this forum.

Dismissal is appropriate on *forum non conveniens* grounds when there is a forum-selection clause mandating that the claims be litigated in another forum. *See Atl. Marine*, 571 U.S. at 62 ("[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*."). The Supreme Court has unambiguously held that a district court may address the "threshold objection" of *forum non conveniens* prior to and instead of subject matter or personal jurisdiction. *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Ship. Corp.*, 549 U.S. 422, 425 (2007) ("[A] court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines

that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case.").

The Fifth Circuit applies a "strong presumption" in favor of enforcing mandatory forum-selection clauses.[2] *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 248 (5th Cir. 2023). "[A] valid forum-selection clause controls the *forum non conveniens* inquiry 'in all but the most unusual cases.'" *Id.* (quoting *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016)).

The Fifth Circuit framework for analyzing dismissal under *forum non conveniens* based on a forum-selection clause requires the Court to consider (1) whether the forum-selection clause is mandatory or permissive, (2) whether the forum-selection clause is enforceable, and then for mandatory clauses, (3) apply the Supreme Court's *Atlantic Marine* balancing test of public-interest factors. *PCL Civil Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073-74 (5th Cir. 2020) (quoting *Weber v. PACT XPP Techs.*, AG, 811 F.3d 758, 766 (5th Cir. 2016)). Each of these factors weighs in favor of dismissal here.

### 1.    The Agreement's forum-selection clause is mandatory.

It cannot be disputed that Plaintiff and Shopify Inc. agreed to a forum-selection clause in the Agreement mandating Ontario, Canada as the exclusive forum for dispute resolution. The Agreement referenced in the Complaint expresses in unambiguous terms that litigation "arising out of or relating to" the Agreement can be brought "only" in a court in Ontario, Canada. <u>Ex. 1-A</u>, Agreement at Section 10.7. Plaintiff further expressly "submits to the *exclusive* jurisdiction of such

---

[2] To obtain a *forum non conveniens* dismissal, "usually" a party "must demonstrate (1) the existence of an available and adequate alternative forum and (2) that the balance of relevant private and public interest factors favor dismissal." *Noble House*, 67 F.4th at 248. But as explained by the Fifth Circuit, "the presence of a mandatory, enforceable forum-selection clause simplifies the 'usual' analysis in two ways." *Id. First*, the plaintiff's choice of forum merits no weight because, "by contracting for a specific forum, the plaintiff has effectively exercised its venue privilege before a dispute arises." *Id.* (internal quotation marks omitted). *Second*, the private-interest factors "'weigh entirely in favor of the preselected forum'; so, the 'district court may consider arguments about public-interest factors only.'" *Id.* (quoting *Atl. Marine*, 571 U.S. at 64).

court and waives any objection it might have based upon improper venue or inconvenient forum." *Id.* (emphasis added).

Mandatory forum-selection clauses like these "affirmatively require[] that litigation arising from the contract be carried out in a given forum." *PCL*, 979 F.3d at 1073 (quoting *Weber*, 811 F.3d at 768). The language in the Agreement's forum-selection clause requiring any litigation to be exclusively brought only in Ontario is even stronger than language that the Fifth Circuit has found makes a forum-selection clause mandatory. *See, e.g.*, *PCL*, 979 F.3d at 1073 (finding forum-selection clause to be mandatory with analysis beginning and ending with the word "shall").

### 2. The Agreement's mandatory forum-selection clause is enforceable against each of Plaintiff's claims.

There can be no doubt that the forum-selection clause applies to all claims asserted by Plaintiff against Shopify Inc. *See Impact Recovery Sys., Inc. v. Liddell Brothers, Inc.*, No. SA-15-CA-722-FB, 2016 U.S. Dist. LEXIS 203596, at *12 (W.D. Tex. Apr. 6, 2016) (noting when a party to a contract accepts its terms, "its [] forum selection clause controls all disputes."). Texas courts have consistently interpreted "arising from or related to" clauses broadly to encompass "all claims that have some possible relationship with the agreement, including those claims that may only 'relate to' the agreement." *Blue World Constr., Inc. v. GMA Garnet USA*, No. 4:19-cv-03538, 2020 U.S. Dist. LEXIS 150839, at *6 (S.D. Tex. Aug. 20, 2020) (collecting cases); *see also Weatherford Int'l, LLC v. Binstock*, 452 F. Supp. 3d 561, 572–73 (S.D. Tex. 2020) (holding that a forum-selection clause applying to "any action or proceeding arising out of or related in any way to this Agreement" must be construed broadly).

Here, the Agreement's forum-selection clause applies to all three of Plaintiff's claims because each is "arising out of or relating to" the Agreement:

- **"Count I"** of the Complaint alleges breach of the Agreement (Dkt. 1, ¶¶ 26-37) and the

8

Fifth Circuit routinely affirms dismissal of breach of contract claims to ensure that the claim is litigated in the agreed-upon forum in the contract. *See, e.g.*, *Ney v. 3i Grp., PLC*, No. 21-50431, 2023 U.S. App. LEXIS 24783, at *14 (5th Cir. Sept. 19, 2023) (affirming dismissal of breach of contract claim based on *forum non conveniens* and forum-selection clause); *see also Blue World Constr.*, 2020 U.S. Dist. LEXIS 150839, at *10 (dismissing breach of contract and other claims based on mandatory forum-selection clause).

- **"Count II"** asserts breach of the implied covenant of good faith and fair dealing that Plaintiff contends arose when the parties entered into the Agreement. Dkt. 1, ¶ 38. As explicitly alleged, these duties likewise arise out of and relate to the Agreement. *In re Plains All Am. Derivative Litig.,* No. H-15-3632, 2016 U.S. Dist. LEXIS 155054, at *13-14 (S.D. Tex. Nov. 8, 2016) (dismissing claim for breach of implied covenant of good faith and fair dealing arising from contract due to contract's forum-selection clause).

- **"Count III"** seeks a declaration that specific provisions of the Agreement are unenforceable, which also necessarily arises out of and relates to the Agreement. Dkt. 1, ¶ 50. In sum, the Agreement requires that all of Plaintiff's claims against Shopify Inc. must be brought, if at all, in Ontario, Canada.

The "strong presumption" of enforceability for forum-selection clauses applied by the Supreme Court and Fifth Circuit can only be overcome by a clear showing that the clause is "unreasonable" under the circumstances. *Noble House*, 67 F.4th at 248 (quoting *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016)). The Fifth Circuit has clarified the "heavy burden of proof" that a party bears to resist enforcement of a forum-selection clause:

Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Id*. at 249 (quoting *Haynsworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)).

Plaintiff has not alleged any infirmities relating to the forum-selection clause. *See generally* Dkt. 1. Indeed, Plaintiff *admits* that the similar choice of law provision within the same section of the Agreement is enforceable, requiring the parties to apply Canadian law to this dispute. Dkt. 1,

¶ 25 ("The parties have agreed for disputes to be determined under Canadian law."). Therefore, Plaintiff cannot meet its heavy burden to show that the forum-selection clause requiring disputes be brought in Canada is unreasonable. *C.f. Brokerwood Prods. Int'l, Inc. v. Cuisine Crotone, Inc*., 104 F. App'x 376, 384 (5th Cir. 2004) (affirming district court's conclusion that Canada is an available and adequate forum); *see also Just Indus. Servs. LLC v. Ceda Specialty Servs. LP*, No. H-18-1255, 2019 U.S. Dist. LEXIS 234643, at *9-10 (S.D. Tex. Feb. 8, 2019) (finding Canadian court to be available and adequate forum because there is no indication the plaintiff "would be deprived of all remedies or treated unfairly").

### 3. Plaintiff cannot show the "extraordinary circumstances" required to overcome application of the Agreement's mandatory forum-selection clause.

Having established that the forum-selection clause is mandatory and enforceable, the only task left for the Court is to evaluate whether the *Atlantic Marine*'s so-called "public interest factors" "overwhelmingly disfavor" dismissal. *Atl. Marine*, 571 U.S. at 67. The Fifth Circuit has articulated five such public interest factors for consideration: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 545 (5th Cir. 2018). These factors "justify refusal to enforce a forum-selection clause in [only] 'truly exceptional cases.'" *Id.*

Plaintiff has not and cannot provide any support for these factors to weigh against dismissal, let alone overwhelmingly so. To the contrary, each of the factors supports dismissal:

*First*, there is no indication that comparative court congestion in Ontario, Canada is significantly worse than the United States District Court for the Southern District of Texas. *See*

*Carl's Jr. Rests. LLC v. 6Points Food Servs.*, No. CV 15-9827-GHK (ASx), 2016 U.S. Dist. LEXIS 88248, at *26 (C.D. Cal. July 7, 2016) (noting court's familiarity with its own docket and that "we know that our court is highly congested. We doubt that Ontario courts are any more congested."); *see also* Ex. 2, United States District Courts — National Judicial Caseload Profile, *accessible at* https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2024.pdf (noting the United States District Court for the Southern District of Texas ranks 12 out of 90 total districts for total amount of filings).

*Second*, this lawsuit is not a localized one—it allegedly involves three international organizations and the subject contract is governed by Canadian law. *See* Dkt. 1, ¶¶ 2-4; Ex. 1-A, Agreement at Section 10.7. And as further described below, Plaintiff has not alleged that any of the Defendants' actions occurred in this district. *See infra*, pp. 15-16, 18-19.

*Third*, this Court is not more "at home" than Canadian courts with the Canadian law that governs the dispute. To the contrary, the court in Ontario is "indisputably an expert in Ontario law." *See ISI Int'l, Inc. v. Borden Ladner Gervais, LLP*, 2001 U.S. Dist. LEXIS 18202, at *11 (N.D. Ill. Nov. 6, 2001) ("The costs involved in hiring experts on Ontario law would be substantial. This court would need to expend considerable resources analyzing applicable Ontario contract [ ] law. In contrast, an Ontario court—indisputably an expert in Ontario law—would not face a comparable burden."). And "[i]f Canadian law governs, Canadian courts are more familiar with the governing law than [the Southern District of Texas] is." *Just Indus. Servs.*, 2019 U.S. Dist. LEXIS 234643, at *14.

*Fourth*, and relatedly, litigation in the mandatory Canadian forum would avoid unnecessary problems in applying conflict of laws. The Canadian court is more equipped to apply Canadian law, including applicable choice of law principles. *See Gund v. Philbrook's Boatyard*, 374 F. Supp.

2d 909, 914 (W.D. Wash. 2005) ("Although this Court is capable of applying Canadian law, such application would impose a substantial burden on both the Court and the jurors, to research, understand, and apply the foreign law.").

*Lastly*, it would be unfair to burden citizens in this district with jury duty given the relative lack of relation the district has to this dispute. Plaintiff executed a contract with foreign Defendants containing a foreign forum-selection clause that is subject to foreign law, and Plaintiff's location in this district alone does not justify the burden of jury duty on local citizens. *See Glob. Envtl. Restoration, Inc. v. Shore Corp.*, No. 6:20-CV-00547, 2022 U.S. Dist. LEXIS 41347, at *19 (W.D. La. Mar. 8, 2022) (dismissing claims in favor of foreign forum where only relation to local forum to justify burden of jury duty on citizens was location of plaintiff).

\* \* \*

Courts routinely dismiss actions in favor of forum-selection clauses mandating that disputes be brought in Canada. *See, e.g.*, *LP Digital Solutions v. Signifi Solutions Inc.*, 921 F. Supp. 2d 997, 1007–09 (C.D. Cal. 2013) (dismissing case because "the parties' contract contained a forum selection clause, which requires plaintiff to litigate its claims in Canada"); *Sandler v. iStockphoto LP*, No. 2:15-cv-03659-SVW-JEM, 2016 U.S. Dist. LEXIS 31330, at *3–4 (C.D. Cal. Feb. 5, 2016) (same); *Cedars-Sinai Med. Ctr. v. Global Excel Mgm't, Inc.*, No. CV 09-3627 PSG (AJWx), 2009 U.S. Dist. LEXIS 130572, at *8–9 (C.D. Cal. Dec. 30, 2009) (same). Since the forum-selection clause in the Agreement here mandates that disputes be brought in Canada and Plaintiff cannot meet its burden to show extraordinary circumstances to set aside the parties' chosen forum, the Court should dismiss Plaintiff's claims.

**B.**     **The Court lacks personal jurisdiction over each of the Defendants.**

Plaintiff's claims should be dismissed because the Complaint lacks sufficient allegations

12

concerning the Court's ability to assert personal jurisdiction over any of the Defendants. *See Alpine View Co.,* 205 F.3d at 215.

"Personal jurisdiction in federal court is governed by the law of the state in which the federal court sits." *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels., Div. of Occup. Safety & Health California*, 1 F.4th 346, 351 (5th Cir. 2021). The Supreme Court of Texas has interpreted the state's long arm provisions as conferring personal jurisdiction over nonresidents whenever consistent with constitutional due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990). Exercise of personal jurisdiction comports with federal due process requirements when (1) the defendant has established minimum contacts with Texas and (2) that exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *See TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016).

"Minimum contacts" can give rise to two types of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 264 (2017). General jurisdiction attaches when the defendant's contacts with the forum are "continuous and systematic," while specific jurisdiction is warranted when the defendant's contacts with the forum arise from, or are directly related to, the cause of action. *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498-99 (5th Cir. 2012).

Texas and federal courts are cautious about exercising personal jurisdiction over non-U.S. entities such as the Defendants. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Guardian Royal Exchange Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 229 (Tex. 1991). When an international dispute is involved, the court should consider, in addition to typical jurisdictional principles, the

13

unique burdens placed upon the defendant who must defend itself in a foreign legal system, the procedural and substantive policies of other nations, and the federal government's interest in foreign relations policies. *Id.*

### 1. Plaintiff does not allege "continuous and systemic contacts" with Texas sufficient for general jurisdiction.

General jurisdiction over Defendants is wholly absent here. The Supreme Court has made clear that general jurisdiction is only proper where the defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Therefore, it is "incredibly difficult" to establish general jurisdiction over a nonresident defendant. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

There is no general jurisdiction over Defendants in Texas. Plaintiff admits that all of the Defendants are incorporated or formed outside of the United States. Dkt. 1, ¶¶ 2-4. Plaintiff likewise admits that Defendants' principal places of business are outside of the United States. *Id.* And though Plaintiff conclusorily, without any specific facts in support, alleges that Defendants[3] "carr[y] out online business across the United States," (*id.*) the Supreme Court has already held that mere business is insufficient to render a defendant "at home" in a forum. *BNSF*, 581 U.S. at

---

[3] As noted below, the Complaint only asserts claims against "Shopify," which Plaintiff defines as Shopify Inc. Dkt. 1, ¶ 2. However, even if Plaintiff contends that the Complaint's use of "Shopify" should include each of the Defendants, this collective grouping of all Defendants together further demonstrates the inability to establish personal jurisdiction. Plaintiff must make a prima facie showing as to *each* Defendant individually. *See Head v. Las Vegas Sands, Ltd. Liab. Corp.*, 760 F. App'x. 281, 284 (5th Cir. 2019). Plaintiff thus must "submit evidence supporting personal jurisdiction over *each* defendant without grouping them together." *Id.* (citation omitted) (emphasis added). A pleading that collectively groups all Defendants together is improper and denies the Defendants the right to contest personal jurisdiction on an individual basis. Group-pleading allegations should be ignored and, as a result, Plaintiff fails to meet its burden to show personal jurisdiction over any of the Defendants with regard to any claim, given the dearth of individualized allegations. *See id.*; *Jonathan Paul Eyewear, Inc. v. Live Eyewear, Inc.*, No. 12-cv-0908, 2013 U.S. Dist. LEXIS 194765, at *11 (W.D. Tex. Aug. 5, 2013) (finding "generalized, collective allegations" of unlawful conduct "insufficient to justify exercising specific jurisdiction") (citation omitted); *see also Tera Grp., Inc. v. Citigroup, Inc.*, No. 17-cv-4302, 2018 U.S. Dist. LEXIS 169625, at *8 (S.D.N.Y. Sept. 28, 2018) ("group pleading … fails to establish personal jurisdiction") (citations omitted)

414 ("in-state business . . . does not suffice to permit the assertion of general jurisdiction" because "a corporation that operates in many places can scarcely be deemed at home in all of them" (cleaned up)). Plaintiff's "vague and overgeneralized assertions that give no indication as to the extent, duration, or frequency of contacts are insufficient to support general jurisdiction." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 610 (5th Cir. 2008).

### 2. Plaintiff fails to identify sufficient minimum contacts with Texas to establish specific jurisdiction.

This Court likewise lacks specific jurisdiction over the Defendants. The Fifth Circuit applies a three-step analysis when determining whether specific jurisdiction exists: (i) "minimum contacts by the defendant purposefully directed at the forum state;" (ii) "nexus between the defendant's contacts and the plaintiff's claims;" and (iii) "that the exercise of jurisdiction over the defendant be fair and reasonable." *See ITL Int'l, Inc.*, 669 F.3d at 498. The Complaint fails to meet any of these requirements.

### i. Plaintiff fails to allege that Defendants purposefully directed any acts toward Texas

To demonstrate minimum contacts, Plaintiff must show that the claims "arise out of, or relate to," the Defendants' contacts with the forum and that the Defendants purposefully availed themselves of the privilege of doing business in the forum and could foresee being haled into court there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-75 (1985). This "requires 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' or 'purposefully directs' its efforts toward the forum State residents." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (quoting *Burger King*, 471 U.S. at 475-76). The defendant "must not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts,

or of the 'unilateral activity of another party or third person.'" *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (quoting *Burger King*, 471 U.S. at 475).

The only specific connection Plaintiff asserts is that Shopify Inc. contracted with Plaintiff, a Texas resident. Dkt. 1, ¶ 1. But personal jurisdiction cannot be based on the residence of the plaintiff in the forum. *See McFadin v. Gerber*, 587 F.3d 753, 760, 762 (5th Cir. 2009) ("Foreseeable injury alone is not sufficient to confer specific jurisdiction, absent the direction of specific acts toward the forum."); *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 67–68 (Tex. 2016) ("[T]he mere fact that [a defendant's] conduct affected plaintiffs with connections to the forum [s]tate does not suffice to authorize jurisdiction." (citation and quotation marks omitted)). Indeed, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 289-90 (2014) (rejecting personal jurisdiction where none of defendant's conduct "had anything to do with Nevada itself"). Courts therefore dismiss for lack of personal jurisdiction where the only alleged case-related contact with the forum is a contract with the resident plaintiff. *See, e.g., Pervasive Software Inc.*, 688 F.3d at 222-23.

### ii.   There is no nexus between any Defendants' contacts and Plaintiff's claims.

Even if Plaintiff established one of the Defendants purposefully availed itself of the privileges of doing business in Texas (it hasn't), Plaintiff still failed to show the required nexus between the Defendant's alleged contacts and Plaintiff's claims. *See Clemens v. McNamee*, 615 F.3d 374, 378-79 (5th Cir. 2010) (reiterating that specific jurisdiction requires a "sufficient nexus" between the alleged forum contacts and plaintiff's cause of action). Here, Plaintiff solely relies on its contractual relationship with Shopify Inc., but courts routinely hold that "merely contracting with a resident of the forum state does not establish minimum contacts." *Danziger & De LLano,*

16

*LLP v. Verkamp, LLC*, No. 4:20-CV-144, 2021 U.S. Dist. LEXIS 73401, at *7 (S.D. Tex. Mar. 29, 2021) (citation omitted). Plaintiff therefore cannot rely on the existence of the Agreement alone to demonstrate sufficient contacts and a nexus with Plaintiff's claims. *See Pervasive Software Inc*., 688 F.3d at 222-23 ("[I]t is now well settled that 'an individual's contract with an out-of-state party *alone* [cannot] automatically establish sufficient minimum contacts in the other party's home forum.'" (quoting *Burger King*, 471 U.S. at 478)).

### iii.    Exercise of jurisdiction over any of the Defendants would be unfair and unreasonable.

In addition to satisfying the minimum contacts inquiry, Plaintiff must also show that the exercise of personal jurisdiction is reasonable and "does not offend the traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The Supreme Court has articulated the following five factors to assist with its analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. *Asahi Metal Indus. Co., Ltd. v. Superior. Ct. of Cal.*, 480 U.S. 102, 113-14 (1987).

Plaintiff has not offered a single allegation to tilt the analysis on any of these factors in favor of exercising jurisdiction. The Defendants are admittedly foreign entities with no specific alleged ties to Texas. *Id.* at 103 ("[G]reat care must be exercised when considering personal jurisdiction in the international context."). This analysis of the "traditional notions of fair play and substantial justice" compels dismissal. *See Int'l Shoe*, 326 U.S. at 316.

Plaintiff fails to carry its burden of establishing that this Court has personal jurisdiction over any of these foreign Defendants. The Court should accordingly dismiss the Complaint. *See,*

*e.g., Pokemon Co. Int'l, Inc. v. Shopify, Inc.,* No. 16-MC-80272-KAW, 2017 U.S. Dist. LEXIS 24987, at *6 (N.D. Cal. Feb. 22, 2017) ("the Court finds that . . . it lacks jurisdiction over Shopify [Inc.]"); *InvenTel Prods., LLC v. Li*, No. 2:19-9190, 2019 U.S. Dist. LEXIS 175943, at *5-6 (D.N.J. Oct. 10, 2019) (holding no "basis for finding general jurisdiction exists" over Shopify Inc., and no purposeful availment of the forum to establish specific jurisdiction").

**C.**     **Plaintiff fails to meet its burden to establish proper venue in this Court.**

The Complaint should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3) because Plaintiff's dearth of venue allegations is similarly insufficient to support its claims in this Court. Because Defendants challenge venue, Plaintiff has the burden to prove that venue is proper as to *each* Defendant and claim. *Gullion v. JLG Serviceplus, Inc.*, No. H-06-1015, 2007 U.S. Dist. LEXIS 6038, at *15 (S.D. Tex. Jan. 29, 2007); *see also Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013).

Plaintiff's only argument to support venue is its summary allegation that "a substantial part of the acts, omissions, and transactions complained of herein were conceived, carried out, made effective, and had effect" in the Southern District of Texas, citing 28 U.S.C. §§ 1391 and 1400. Dkt. 1. ¶ 8. Both arguments fail as a matter of law based on undisputed facts.

*First*, 28 U.S.C. § 1400 provides venue for actions relating to patents and copyrights. 28 U.S.C. § 1400. This venue provision is inapplicable because no such claim exists in this action. *See generally* Dkt. 1.

*Second*, Plaintiff's argument under 28 U.S.C. § 1391 also fails. Under that provision, courts look to a defendant's conduct, and where that conduct took place, rather than focusing on the activities of the plaintiff. *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1036, 1048 (S.D. Tex. 2000). Moreover, the events or omissions occurring within the district must be more than

tangentially connected to the dispute to qualify as substantial under § 1391(b)(2). *See id.* "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Chenevert v. Springer*, No. C-09-35, 2009 U.S. Dist. LEXIS 63981, at *7-8 (S.D. Tex. July 22, 2009).

Plaintiff has not alleged that a substantial part of the *Defendants'* alleged actions or omissions took place in the Southern District of Texas. Indeed, there are zero actions by Defendants that took place within this district. All of the Defendants are international companies and there are no allegations that any Defendant entered the Southern District of Texas to undertake any of the actions Plaintiff complains about in the Complaint. *See generally* Dkt. 1.

This district has no real relationship to this dispute other than Plaintiff's location. But allegations that Defendants' conduct "had effect" in Texas are insufficient for venue. Dkt. 1, ¶ 8. Under Section 1391(b)(2), "the fact that a plaintiff residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district." *Gault v. Yamunaji, L.L.C.*, No. A-09-CA-078-SS, 2009 U.S. Dist. LEXIS 142397, at *12 (W.D. Tex. Apr. 17, 2009) (citing *Bigham*, 123 F.Supp.2d at 1048). Merely claiming that a defendant took actions that foreseeably would harm a Texas resident is insufficient to establish venue. *C.f. Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010) (allegations that defendant's alleged defamatory statement caused plaintiff harm in Texas and defendant purportedly knew of the likelihood of such harm were not sufficient to make a prima facie showing of personal jurisdiction).

Because there are no facts establishing that venue is proper in this district, the Court should dismiss Plaintiff's claims for improper venue pursuant to Rule 12(b)(3).

**D.**   **The Complaint fails to state a claim for relief against any of the Defendants.**

    **1.**   **The Court should dismiss the claims against Shopify International and Shopify Singapore because they are not parties to the Agreement and Plaintiff fails to make *any* allegations against them.**

Although Shopify Singapore and Shopify International are included in the caption of the Complaint and listed in the "Parties" section, neither is otherwise referenced anywhere else in the Complaint. *See* Dkt. 1. The Court should therefore dismiss each of Plaintiff's claims against both of Shopify Singapore and Shopify International. *See, e.g., Del Castillo v. PMI Holdings North America Inc.*, No. 4:14-CV-03435, 2016 U.S. Dist. LEXIS 91051, at *51 (S.D. Tex. July 13, 2016) (dismissing negligence claims against certain named defendant "because the Complaint does not make any negligence allegations against it.").

    **2.**   **Alternatively, the Complaint improperly lumps multiple parties together without specifying who is responsible for which alleged acts.**

If Plaintiff argues that references to "Shopify" throughout the Complaint include each of the Defendants, then the Complaint's claims are not pled with sufficient detail to survive even ordinary pleading standards. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than a "sheer possibility that a defendant has acted unlawfully." *Del Castillo*, 2016 U.S. Dist. LEXIS 91051, at *8. "[L]umping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rule 8(a)(2) and 12(b)(6)." *Id.* at *50. If Plaintiff contends that the Complaint lumps each of the Defendants together and generally ascribes the alleged conduct to all as "Shopify," then this shotgun approach to pleading is insufficient under the Federal Rules of Civil Procedure. *Id.*

## CONCLUSION AND PRAYER

For the reasons set forth above, Defendants respectfully request that this Court grant Defendants' Motion to Dismiss and grant any other relief to which they are entitled at law or in equity.

Respectfully submitted,

**AJAMIE LLP**

By: */s/ Eric Chenoweth*
Eric Chenoweth
Texas Bar No. 24006989
Nicholas E. Petree
Texas Bar No. 24083657
Pennzoil Place – South Tower
711 Louisiana, Ste. 2150
Houston, Texas 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
echenoweth@ajamie.com
npetree@ajamie.com

**ATTORNEYS FOR SHOPIFY INC., SHOPIFY COMMERCE SINGAPORE PTE. LTD., AND SHOPIFY INTERNATIONAL LIMITED**

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

*/s/ Eric Chenoweth*
Eric Chenoweth