Case 4:23-cv-03348   Document 41   Filed on 03/28/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HIGH TECH REPUBLIC, INC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-03348 |
| | § | |
| SHOPIFY INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

### I.   INTRODUCTION

Pending before the Court are the defendants' Shopify, Inc., Shopify Commerce Singapore, PTE, LTD, and Shopify International Limited ("Shopify") motion to dismiss the plaintiff's, High-Tech Republic, Inc., d/b/a Webinopoly ("Webinopoly") lawsuit and Webinopoly's response [DEs 36 and 37, respectively). Shopify seeks dismissal of the Webinopoly's lawsuit based on "a mandatory forum-selection clause" that Shopify contends requires all disputes between the parties be resolved in a Canadian court under Canadian law. The Court has examined the motion, response and attendant documents and determines that Shopify's motion should be granted.

## II.     LIMITED FACTUAL BACKGROUND

Webinopoly was created in 2012 by Mohammed Farhat, the CEO of High Tech Republic, Inc., the parent company.  He entered into a Partnership Agreement with Shopify in 2015 to grow "businesses and assist them [in the] use [of] the Shopify platform and build commerce solutions."  Webinopoly was to be compensated on a 20% commission basis.  Based on alleged misuse of Shopify's platform, Webinopoly was accused of engaging in repeated infractions of the Agreement.  Shopify terminated the Agreement on June 28, 2023.  Webinopoly brings this lawsuit.

## III.     CONTENTIONS OF THE PARTIES

In its original complaint, Webinopoly asserts three claims against Shopify, all of which arise out of the contractual relationship between the parties.  First, Webinopoly asserts that Shopify breached the Agreement between the parties in several respects.  Next, Webinopoly contends that Shopify breached an "implied covenant of good faith and fair dealing" that arises out of the Agreement.  Finally, Webinopoly claims that the termination provision of the Agreement is unenforceable.  Ironically, the Agreement states that either party may, without cause, terminate the Agreement upon proper notice to the other party.  *See* [Agreement, Sec. 4.1].

Shopify's 12(b)(6) motion seeks dismissal of Webinopoly's suit on four grounds:  (a) "[t]he Agreement's mandatory forum-selection provision requires a claims against Shopify to be brought in Ontario, Canda; (b) [t]he Court lacks personal jurisdiction over Shopify; (c) [t]his Court is an improper venue for [Webinopoly] claims; and, (d) [t]he complaint fails to assert a claim for relief under Rules 8 and 12(b)(6)."

Webinopoly does not dispute that the Agreement contains a forum-selection claim that designates venue for lawsuits between the parties.  Nevertheless, Webinopoly asserts that the forum-selection clause is unenforceable.  Besides, it argues, Shopify has a significant presence in

the United States. Hence, Webinopoly can establish general jurisdiction because Shopify has affiliations with the State of Texas and has systematically engaged in business such that Texas is essentially a resident of in the State. That said, Webinopoly does not challenge Shopify's argument that Shopify Singapore and Shopify International must be dismissed.

## III.   ANALYSIS AND DISCUSSION

The Fifth Circuit, following Supreme Court precedent, makes it clear that "[T]he appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is through the doctrine of *forum non conveniens,"* citing to *Atl. Marine Const. Co., Inc. v. U. S. Dist. Ct.,* 571 U.S. 49, 60, 134 S.Ct. 568, 187 L.Ed. 2d 487 (2013). *Noble House LLC v. Certain Underwriters at Lloyd's, London*, 67 F.4d 243, 247-48 (5th Cir. 2023). That said, the presence of a mandatory forum selection clause means, however, that the traditional forum tests are of no avail. *Atl. Marine*, 571 U.S. at 63. The Court is obligated to apply the presumption of enforceability to the facts. *Id.*

In this case, the Court is bound to apply the presumption of enforceability "test where a mandatory forum – selection clause is in play. In this circumstance, the clause must be enforced unless there is a "clear showing that the clause is 'unenforceable' under the circumstances". *Noble House LLC*, 67 F.4d at 248, citing *Weber,* 811 F.3d at 773, (quoting *Haynsworth,* 121 F.3d at 963). In *Noble,* the Fifth Circuit stated the following concerning the question of "unreasonableness":

> Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth,* 121 F.3d at 963 (citation omitted). The Agreement at the center of this dispute states:

   10.7   Applicable Laws

  This Agreement shall be governed, construed and enforced in accordance with the laws of the Province of Ontario, Canada. Each Party agrees that any legal action, proceeding, controversy or claim between the Parties arising out of or relating to this Agreement may be brought and prosecuted only in a court of law in the Province of Ontario, Canada, and by execution of this Agreement each Party hereto submits to the exclusive jurisdiction of such court and waives any objection it might have based upon improper venue or inconvenient forum.

  Webinopoly has the heavy burden to show that the mandatory forum clause is unreasonably burdensome. In the Court's view, Webinopoly has failed to carry this burden. Webinopoly has failed to cite to any event or basis that overcomes the bargained for forum that was based on the parties' legitimate expectations and interests when they first entered into the Agreement. Hence, the unreasonableness factors weigh in favor of enforcement.

  The Court concludes that Webinopoly's arguments and evidence are insufficient under FRCP, Rule 12(b)(3) to support venue in this Court. Therefore, Shopify's motion to dismiss this lawsuit, without prejudice to the substantive claims asserted, is GRANTED.

  It is so Ordered.

  SIGNED on March 28, 2025, at Houston, Texas.

                _____
                Kenneth M. Hoyt
                United States District Judge